RACHAEL HARTSTEIN, as Administratrix, etc., of JACOB HARTSTEIN, Deceased, Appellant, *v.* UNITED STATES TRUCKING CORPORATION, GAYNOR NEWS COMPANY, INC., GEORGE W. LOFT and FRANK DeLORENZO, Respondents.

First Department, November 22, 1940.

*Sydney A. Syme,* for the appellant.

*John Ross Lauer* of counsel [*David J. Mountan, Jr.*, with him on the brief], for the respondents United States Trucking Corporation, Gaynor News Company, Inc., and Frank DeLorenzo.

*Walter G. Evans* of counsel [*Alexander Orr* with him on the brief; *John P. Smith*, attorney], for the respondent George W. Loft.

COHN, J. This action in negligence was brought to recover damages in behalf of decedent's next of kin. The decedent was killed as a result of a collision between a Ford sedan in which he was riding as a passenger, and a truck belonging to the defendant United States Trucking Corporation engaged in hauling and delivering newspapers. The accident occurred on Sunday, March 27, 1938, at four-fifteen A. M., at Central avenue, city of Yonkers, Westchester county. The weather was clear and the road was dry. The roadway consisted of six lanes of concrete each about ten feet wide. The Ford sedan, owned by defendant George W. Loft, and being operated by an employee of his named Baxter, was south bound; the newspaper truck was proceeding in a northerly direction. After the collision, the Ford was found in the center of the three south-bound lanes, facing north, and on fire; and the truck, upset, and on its right side, was resting in a slanting position pointing to the northwest in approximately the middle of the north-bound traffic lanes. Baxter and plaintiff's decedent were found dead on the roadway.

We are of the opinion that the dismissal of the complaint as to defendant George W. Loft at the close of the entire case was improper. There was proof that his car was traveling at an excessive rate of speed. Moreover, the evidence was sufficient upon which the jury might base a finding that the Loft automobile in which plaintiff's decedent was a passenger was being used by Baxter, his employee, in the business of the owner " or otherwise " at the time of the occurrence of the accident. (Vehicle and Traffic Law, § 59.)

As to the defendant Loft, this leaves only the question as to whether the evidence conclusively showed that express orders were given by Loft forbidding Baxter from carrying passengers in the car. Though not contradicted, the truth of the testimony produced by Loft to show that such orders had been given was not conclusively established because of the interest of the witnesses who testified upon that question, the character of their testimony and the impossibility of contradiction due to the death in the accident of the employee to whom the orders were purportedly given. The jury as the trier of the facts might properly have resolved this issue in favor of plaintiff. Were it to disregard

defendant Loft's evidence, the presumption of responsibility would remain and would justify a finding against this defendant. The evidence here was not sufficient in law to destroy the presumption of responsibility notwithstanding that it might have been, in fact. The issues should not have been withdrawn from the jury for determination. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Lee* v. *City Brewing Corp.*, 279 id. 380; *St. Andrassy* v. *Mooney*, 262 id. 368; *Chaika* v. *Vandenberg*, 252 id. 101.)

We think, too, that the court erred in dismissing the complaint at the close of the plaintiff's case as to the other defendants. The jury were not compelled to believe the story told by the driver of the newspaper truck, DeLorenzo, who was a party to the action and who was an interested witness and one hostile to plaintiff, but it should have been permitted to compare his version of the accident with the physical facts and the circumstantial evidence and then to determine where the truth lay. The facts proven by plaintiff would have justified a jury in finding that there was negligence in the operation of the newspaper truck which contributed to the happening of the accident. For example, upon the testimony, the jury reasonably might have determined that the car in which deceased was a passenger was traveling south in a south-bound lane of the road when struck by the truck traveling in an opposite direction. The jury might also have concluded that in the circumstances the chauffeur of the truck could have avoided the accident by turning to the extreme right of the north-bound roadway and that his failure so to do was a concurring act of negligence which resulted in the death of plaintiff's decedent. The driver of a motor vehicle is under the fundamental duty of exercising reasonable care under all circumstances. (3 Shearman & Redfield on Negligence [6th ed.], § 649; *Griessel* v. *Adeler*, 183 App. Div. 816; *Clarke* v. *Woop*, 159 id. 437, 440; *Wallace* v. *D'Aprile*, 221 id. 402.) Huddy in The Law of Automobiles ([8th ed.] § 336, p. 341) states the pertinent rule as follows:

" The mere fact that the driver of an automobile is on the right side of the road does not necessarily determine the presence or absence of negligence on his part. * * * The speed of the automobile and other surrounding circumstances are all to be considered on the question of his negligence.

" Thus, though one has turned to his side of the highway when meeting another vehicle, an issue may remain for the jury as to whether reasonable care does not require that he should have turned out farther and thus have avoided the collision."

The judgment should be reversed as to all defendants and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.