WALTER RAMSAY and JOHN B. BOYD, Appellants, v. BUSKIRK TRUCKING CORPORATION, Respondent.— Action by plaintiffs to recover damages for personal injuries sustained by each of them in a collision upon a public highway between the sedan in which they were riding and the milk truck of the defendant operated, in an opposite direction, by the latter's servants. Judgment was duly entered in favor of the defendant against plaintiffs, upon the verdict of a jury. Subsequently an order was made at Special Term denying a motion of the plaintiffs for certain relief, which included permission to the plaintiffs to obtain and insert in the record on appeal additional evidence, not presented at the trial. Judgment and order unanimously affirmed, with costs. (See *Hartstein* v. *U. S. Trucking Corp.*, 260 App. Div. 643.) Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

HARRY ROSENKRANZ, as Receiver of HARRY G. DORAN BUILDING CORPORATION, Respondent, v. TITLE GUARANTEE & TRUST COMPANY, Appellant.— Order granting motion for examination of defendant and for other relief, for the purpose of framing a complaint, reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs, with leave to plaintiff to serve his complaint within twenty days from the entry of the order hereon. Plaintiff possesses sufficient information to frame a complaint without the necessity of the examination which is sought. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

MARY SCHIRMER, Respondent, v. JOHN SCHIRMER, Appellant.— Action for separation brought by plaintiff wife against the defendant husband. Order granting temporary alimony and counsel fee reversed on the law, without costs, and the motion denied, without costs. The complaint does not state a cause of action. The existing judgment of separation in favor of the defendant husband precludes the granting of temporary alimony or counsel fee in this new action brought by the wife for a separation. The power of the court is purely statutory. (*Ackerman* v. *Ackerman*, 200 N. Y. 72.) The only means by which the prior decree may be vacated is by an application under section 1165 of the Civil Practice Act. So long as the prior decree is in full effect, a subsequent action for separation may not be maintained nor may an award of temporary alimony be had. (*Hobby* v. *Hobby*, 5 App. Div. 496; *Beeber* v. *Beeber*, 225 id. 757.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

EDITH WENSLEY STEWART, Individually and as Executrix, etc., of ROBERT C. STEWART, Appellant, v. THOMAS B. SMITH, Individually and as Surviving Partner of ROBERT C. STEWART & Co., Respondent.— Action for dissolution of a copartnership and an accounting. After trial of the issues, judgment was rendered on the merits in favor of defendant. Judgment affirmed, with costs. No opinion. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents on ground that plaintiff was entitled to half of the profits on securities, being the difference between the value of the securities on January 1, 1933, and the sales price thereof during that year. The trial court allowed a much lesser sum, being the difference between the purchase price prior to January 1, 1933, and the sales price during the year then beginning. The judgment should be modified accordingly.