In the Matter of the Application and Petition of GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, Respondents, to Acquire Real Estate for and on Behalf of the City of New York, etc., in the County of Ulster for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of the City of New York.  Delaware Section 7, Parcel 1310.  SAMUEL HALPERN, Appellant.— Appeal by the claimant from an order of the Ulster County Special Term of Supreme Court, confirming an award of $19,100 for 91.804 acres of land taken from 149 acres, in connection with the New York City Water Project, Delaware Section No. 7, Parcel No. 1310.  The testimony given by claimant's experts placed a value upon the acreage and structures thereon varying from just above $35,000 to just under $45,000.  The one witness called on behalf of the city fixed the value at approximately $10,500. Such evidence as was given concerning sales does not indicate that the award is inadequate.  The order confirming should be affirmed.  Order unanimously affirmed, with costs.  Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

MARGARET DEYO, Respondent, v. JOSEPH J. BELOTTE, Doing Business as J. J. BELOTTE & SON CONSTRUCTION COMPANY, Appellant, and ALBERT DEYO, Defendant.  MARGARET DEYO, as Administratrix, etc., of CHRISTOPHER DEYO, Deceased, Respondent, v. JOSEPH J. BELOTTE, Doing Business as J. J. BELOTTE & SON CONSTRUCTION COMPANY, Appellant, and ALBERT DEYO, Defendant.— Appeals to this court have been taken by the defendant Belotte from verdicts rendered in the two above-entitled actions in favor of the plaintiffs.  In the death action, the verdict was $2,500; in the injury action the verdict was $4,000.  The actions were based on the provisions of section 59 of the Vehicle and Traffic Law. The question of fact, for jury determination, was whether or not the motor vehicle of the defendant Belotte was being used at the time of the accident, with the permission, express or implied, of such owner.  The presumption under section 59 of the Vehicle and Traffic Law made out a *prima facie* case for the plaintiff in the first instance.  In addition there was much other evidence tending to show that the vehicle in question at the time of the accident was being used with the acquiescence and consent of the owner and that he had given his permission to the driver of the vehicle to use it in the driver's own business, which he was doing at the time of the accident.  There was also evidence contradicting his right to use the vehicle.  Much of the evidence was given by interested witnesses and the question of their credibility was a question which was properly submitted to the jury and the jury has resolved it against the defendant.  The judgments are not against the weight of evidence and the verdicts are not excessive.  Judgments and orders appealed from are unanimously affirmed, with costs.  (*Piwowarski v. Cornwell*, 273 N. Y. 226; *Hartstein v. United States Trucking Corp.*, 260 App. Div. 643.)  Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DOE Alias LEWIS RABINOWITZ, RICHARD ROE Alias LEWIS DETRICK and JOHN JONES, Appellants.— Motion for reargument denied.  [See 257 App. Div. 1066.]  Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.