In the Matter of the Intermediate Accounting of EDWARD C. BRITCHER, as Committee of JAMES CARROLL, an Incompetent.— Order affirmed, without costs. All concur. (The order confirms the report of the referee and approves the intermediate accounting of the committee.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

LENA L. LEGG, Appellant, v. DELMAR C. LEGG, Individually and as Administrator, etc., of ELLA A. LEGG, Deceased, Respondent.— Judgment affirmed, with costs. All concur. (The judgment adjudges the estate of defendant's intestate to be entitled to possession and ownership of the bond and mortgage sought to be recovered, and that there was no assignment or discharge of said mortgage.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

MICHAEL J. FINK, Appellant, v. STANLEY BRZEZINSKI, Respondent. MARIAN E. STALEY, Appellant, v. STANLEY BRZEZINSKI, Respondent. BESSIE DEGLOPPER, Appellant, v. STANLEY BRZEZINSKI, Respondent. (Consolidated Actions.) — Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. Memorandum: Under the facts and circumstances of this case, the presumption that Hollenbeck was driving the defendant's automobile with his consent was not overcome as a matter of law. There was evidence that the owner delivered the car keys to his father when he left the car at the restaurant for his father's use. An hour after the accident had happened, the father reported to the police that the automobile, together with the keys and the license, had been stolen about two hours before the accident happened. The father was not called to explain how Hollenbeck came into possession of the keys. The defendant testified that, while he knew who Hollenbeck was, he was not acquainted with him. There was testimony that on an occasion prior to the accident, the defendant was heard to address Hollenbeck by his first name. Moreover, Hollenbeck lived in the defendant's neighborhood and was a frequenter of the restaurant operated by defendant's father and the defendant was accustomed to assist his father about the restaurant prior to the accident. While the automobile license was in the defendant's name, it was concededly a family car. The death of Hollenbeck, as a result of the accident, made it impossible for the plaintiffs to have the benefit of his explanation as to how he acquired possession of the keys and the car. The issues raised by this testimony should not have been withdrawn from the jury. (*Hartstein* v. *United States Trucking Corporation*, 260 App. Div. 643, and cases cited.) All concur. (The judgment is for defendant on a directed verdict of no cause of action in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.