LAWRENCE K. SCHUVART, an Infant, by CASIMIR M. SCHUVART, His Guardian ad Litem, et al., Appellants, *v.* WALTER W. WERNER, Respondent.

Argued June 14, 1943; decided July 20, 1943.

*Arthur A. Kaye,* *John D. Monroe* and *Sidney Paymer* for appellants. The decision of the Appellate Division that the infant plaintiff was guilty of contributory negligence as a matter of law is erroneous. (*Caldwell* v. *Nicolson,* 235 N. Y. 209; *McDougall* v. *Shoemaker,* 236 N. Y. 127; *York Mortgage Corp.* v. *Clotar Constr. Corp.,* 254 N. Y. 128; *Angueira* v. *Brooklyn & Queens Transit Corp.,* 263 App. Div. 43; *Cherubino* v. *Meenan,* 253 N. Y. 462; *Baker* v. *Close,* 137 App. Div. 529, 204 N. Y. 92; *Camardo* v. *New York State Rys.,* 247 N. Y. 111; *Kettle* v. *Turl,* 162 N. Y. 255; *Rague* v. *Staten Island Coach Co.,* 288 N. Y. 206; *Johnson* v. *Lutz,* 253 N. Y. 124; *Needle* v. *New York Rys. Corp.,* 227 App. Div. 276; *Surace* v. *Ide,* 131 Misc. 69; *Matter of Toukatley,* 122 Misc. 120; *McDonald* v. *Central School District,* 179 Misc. 338, 264 App. Div. 943, 289 N. Y. 800.) Instead of directing a new trial, on a reversal here, the Court of Appeals should affirm the judgment of the trial court, as the Appellate Division in fact reversed the judgment of the trial court on an erroneous view of the law. (*McDouall* v. *Shoemaker,* 236 N. Y. 127; *Bank of United States* v. *Manheim,* 264 N. Y. 45.)

*Harry Krauss* and *O. Leonard Larsen* for respondent. The infant plaintiff was guilty of contributory negligence as matter of law. (*People* v. *Razezicz,* 206 N. Y. 249; *Baker* v. *Close,* 137 App. Div. 529, 204 N. Y. 92; *O'Reilly* v. *Davis,* 136 App. Div. 386; *Knapp* v. *Barrett,* 216 N. Y. 226; *Ford* v. *N. Y. C. Interborough Ry. Co.,* 236 N. Y. 346; *Weigand* v. *United Traction Co.,* 221 N. Y. 39; *Peterson* v. *Ballantine & Sons,* 205 N. Y. 29; *Sylvia* v. *Eyth,* 144 Misc. 316, 236 App. Div. 739; *Cherubino* v. *Meenan,* 253 N. Y. 462; *Camardo* v. *New York State Rys.,* 247 N. Y. 111; *Dolfini* v. *Erie R. R.,* 178 N. Y. 1; *Warshawsky* v. *Balteransky,* 94 Misc. 182.) There is no proof of negligence on the part of defendant. (*Patch* v. *White,* 117 U. S. 210.) In the event of a reversal a new trial should be ordered. (*Frank* v. *Von Bayer,* 236 N. Y. 473.)

RIPPEY, J. The infant, suing by his guardian *ad litem* for damages for his own injuries, and his father, claiming compensation for expenses and loss of services, had judgment at Trial Term. Upon reversal of the judgment on appeal, it was held by the Appellate Division that the evidence conclusively established that the boy was guilty of contributory negligence as matter of law.

Plaintiff, Lawrence K. Schuvart, was nine years of age on June 4, 1941. On the afternoon of that day he was returning home from school on a bus from which he alighted at 135th Avenue and Springfield Boulevard in the Borough of Queens. The bus was moving south on the west side of the boulevard. 135th Avenue enters Springfield Boulevard from the east but does not continue to the west. The boy left the standing bus on the west side of the boulevard by the rear door during a severe rainstorm, stepped to the curb, waited for the bus to proceed and then started to cross the boulevard to reach his home when a car driven by the defendant and approaching from the south on the boulevard struck him, causing his injuries. He testified that he looked to the south before leaving the curb and again after he had passed out into the street and did not see the approaching car which struck him and that he had no notice of its approach. Evidence was presented from which the inference was permissible that the automobile was moving fast in disregard of conditions then obtaining.

Upon the record before us, the degree of care required of the infant under all the circumstances, where, when and whether he looked before crossing the street, and what, if anything, he could see of the approaching car, the speed of the car which struck him, what effort, if any, the defendant made to avoid the accident and what warning the boy had of the approach of the car were, among others, questions of fact to be resolved by the trier of the facts upon conflicting testimony and upon established facts from which differing inferences might reasonably be drawn. Upon such a determination depended the responsibility of the defendant for the consequences of the accident. In those circumstances, the dismissal of the complaint as matter of law cannot be sustained (*Thurber* v. *Harlem Bridge, M. & F. R. R. Co.,* 60 N. Y. 326; *McGovern* v. *N. Y. C. & H. R. R. R. Co.,* 67 N. Y. 417, 421; *Kettle* v. *Turl,* 162 N. Y. 255; *Baker* v. *Close,* 204 N. Y. 92).

The judgments should be reversed and a new trial granted, with costs to the appellants to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.