NANCY BETTS, Appellant, v. WILBUR A. BEAN, JR., Respondent. MURIEL A. BETTS, Appellant, v. WILBUR A. BEAN, JR., Respondent.— Appeal by each plaintiff-appellant from a judgment of the Supreme Court, Columbia County, in favor of the defendant, entered on October 15, 1952, upon the verdict of a jury of no cause of action. The plaintiff Nancy Betts was a passenger in an automobile driven by the defendant in a westerly direction, which collided head on with an automobile driven by one Bachand in an easterly direction on a public highway in the State of Connecticut. The plaintiff was very severely injured as a result of the collision. The accident happened on Sunday, January 14, 1951, while the plaintiff and the defendant were returning to Kinderhook, New York, from a visit to Hartford, Connecticut. The evidence was to the effect that it was snowing very hard and that visibility was very poor, due to the heavy snowfall, but that the defendant was nevertheless driving at thirty-five miles an hour. The accident happened upon a curve. Bachand testified as a witness for the plaintiff that, as he approached the curve, he saw the defendant's automobile 100 to 150 feet away, on the wrong side of the road, with the rear end swaying. According to Bachand, he was on his own side of the road, when the defendant's automobile came sliding or skidding around the curve, on Bachand's side of the road, and struck his automobile head on. The defendant testified that he thought that he was on the right side of the road as he approached the scene of the accident but he was not positive about it. He had stated on two occasions, shortly after the accident, that he did not remember what had happened but on the trial he testified that the headlights of Bachand's automobile suddenly loomed twenty feet in front of him and the crash occurred immediately thereafter. The defendant's counsel relies very heavily upon the physical evidence as to position of the

automobiles after the accident as supporting the defendant's version but we find this evidence to be inconclusive. The verdict of no cause of action could have rested only upon a finding that the defendant was not guilty of any negligence contributing in any substantial degree to the happening of the accident and that the accident was due solely to the fault of Bachand or that it was wholly unavoidable. Upon the whole record, we find that the conclusion that the defendant was free from any negligence contributing to the happening of the accident was against the weight of the evidence. Judgments are reversed on the law and the facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.