Fbedebic T. Henby, J.
The decedent, Melvin Years, was a guest in an automobile owned by the defendant, Beatrice Waite, which was operated by her husband, the defendant, Henry Otto Waite (who will be referred to as the defendant). The Waite automobile collided with a vehicle owned and operated by Peter Bussell, which was approaching from the opposite direction on its left side of the highway. After hearing the evidence, the jury rendered a verdict of $80,703.50 in favor of the plaintiff against Carl H. Russell, as executor of Peter Bussell, but found no cause of action against the owner and operator of the automobile in which her deceased husband rode as a passenger. Plaintiff makes this motion to set aside the latter verdict and *394 seeks an order directing a new trial. Implicit in the jury’s verdict is a finding that the defendant was free from any negligence, which caused the accident. Contributory negligence was not pleaded as a defense, and was not submitted to the jury.
Upon a review of the evidence, the court is of the opinion that the motion should be granted on the ground that the verdict is against the weight of evidence. The defendant testified that he was proceeding in a snowstorm on a wet pavement on a curve in the highway, at a speed of 40 to 50 miles an hour, and that he could see only 50 yards ahead of his car. A deputy sheriff who investigated the accident testified that the defendant told him after the accident that he was driving at a speed of 50 miles an hour. The condition of the automobiles after the accident, the distance that the defendant’s car slid with the brakes applied and the fact that the defendant’s car pushed the Bussell car back when the cars collided, as shown by debris on the road, indicate that the defendant was operating his car at a high rate of speed. It also appears that the defendant’s ability to drive was impaired because he could drive with only his left leg, his right leg having been amputated, and because of the influence of alcoholic beverages, which he admitted drinking before the accident.
The facts stated are obviously not consonant with freedom from negligence on the defendant’s part, when an automobile is operated at too high a speed under all the circumstances and thereby causes injury a verdict in favor of the operator of it is against the weight of the evidence and will be set aside. (Gralton v. Oliver, 277 App. Div. 449, affd. 302 N. Y. 864; Tesiero v. Kiskis, 263 App. Div. 171, affd. 288 N. Y. 639; Betts v. Bean, 283 App. Div. 981.) The driver must operate his vehicle at a speed commensurate with all the conditions encountered. (Huddy, Cyclopedia of Automobile Law, Vol. 3-4, p. 26 et seq.; Hartstein v. United States Trucking Corp., 260 App. Div. 643.)
In Gralton v. Oliver (supra, p. 451), the court said: “ They knew they were operating their automobiles under conditions which were especially hazardous. That measured the degree of care which it was their duty to exercise, and called for a degree of care commensurate with the usual and known danger. * * * While skidding, alone and unexplained, is not proof of
negligence, we here have more than that. The icy and slippery condition of the street devolved a duty of driving at such a rate of speed and in such manner of control that a stop could be made without the accident that each, respectively, occasioned.”
In Tesiero v. Kiskis (supra, pp. 172-174) the Trial Term set aside the verdict of the jury of no cause of action upon the *395 ground that it was contrary to law and against the weight of the evidence. In affirming the order of the Trial Term the court said: “ The defendant said that the car was traveling from thirty-five to forty miles per hour on the right side of the highway and that he did not remember what happened thereafter except that the car ran into the guardrail. * * * When asked by his counsel if the car skidded, he said, “ I think so ”. * * * The conclusion is irresistible that lack of control or his attempt to operate the car around the curve on the wet pavement at too high a speed or both caused this accident. The only explanation advanced by the defendant was the suggested skidding. If the car did skid * * * such skidding obviously was the result of the excessive speed upon the wet pavement * * * it was because of his incautious driving and not from a cause beyond his control. * * * It was raining and the defendant knew that the pavement was wet and should have made due allowance therefor. * * * The verdicts were against the weight of the evidence and the trial court was fully justified in setting them aside.”
In Betts v. Bean (283 App. Div. 981, 982, supra) the plaintiff was a passenger in the defendant’s automobile which collided with another automobile traveling in the opposite direction. The accident occurred on a curve during a heavy snowstorm when visibility was very poor, but the defendant was nevertheless driving at 35 miles an hour on the wrong side of the road. The jury brought in a verdict in favor of the defendant. In reversing the judgment entered thereon the court said: “ The verdict of no cause of action could have rested only upon a finding that the defendant was not guilty of any negligence contributing in any substantial degree to the happening of the accident and that the accident was due solely to the fault of Bachand or that it was wholly unavoidable. Upon the whole record, we find that the conclusion that the defendant was free from any negligence contributing to the happening of the accident was against the weight of the evidence. ’ ’
The fact that the Bussell ear was on its wrong side of the highway and that the operator of it was also negligent does not excuse the defendant for his negligence nor exclude defendant’s negligence as a proximate cause of the accident. The defendant did nothing to avoid a collision when the Bussell car approached in his lane of traffic except to put on his brakes. He did not sound his horn. He did not turn his car onto the shoulder of the highway, with which he was familiar, which was gravel surfaced and was level and wide, and which gave him sufficient opportunity to pass in safety. ‘ ‘ The shoulder of a highway is *396 part of the highway and may be used for travel.” (La Rue v. Tierman, 260 App. Div. 337, 342, affd. 285 N. Y. 550.) If he had kept to the right in meeting the Russell car as required by subdivision 4 of section 82 (former subd. 5 renum. subd. 4 by L. 1953, ch. 710, § 3) of the Vehicle and Traffic Law, the accident could have been avoided. ‘ The mere fact that the driver of an automobile is on the right side of the road does not necessarily determine the presence or absence of negligence on his part. * * * Thus, though one has turned to his side of the highway when meeting another vehicle, an issue may remain for the jury as to whether reasonable care does not require that he should have turned out farther and thus have avoided the collision.” (Hartstein v. United States Trucking Corp., 260 App. Div. 643, 645, supra.)
The plaintiff claims that she was prejudiced by defendant’s failure to testify concerning the accident on his direct examination and by his objection to cross-examination on that subject unless the plaintiff thereby made him her witness. ‘ ‘ There is no rule that requires defendant to account for the accident; but there is also no rule which prevents his giving an account of it. The exercise of such an election not to explain may sometimes leave the record considered on the whole as sufficiently unbalanced in weight as to require a fresh examination of the facts.” (Rossi v. Naccarato, 286 App. Div. 940, 941; Traub v. Dinzler, 309 N. Y. 395.)
The combination of high speed, physical impairment, wet pavement, snowstorm and limited visibility distinguishes this case from any cited on behalf of the defendant. The jury’s verdict in favor of the defendants, Waite, was against the weight of evidence. It should be set aside and a new trial ordered.
Submit order accordingly.