Robert W. Cacace, J.
This is a motion for accelerated judgment brought under CPLR 3212.
The facts are that the plaintiff was walking her dog on the sidewalk of a public street in the City of Yonkers, known as Sunnyside Drive, on the 3d day of August, 1969, at approximately 6:44 p.m., when a vehicle operated by the defendant, Elizabeth Rodriguez, mounted the curb, crossed the sidewalk and struck the plaintiff and her dog, injuring the plaintiff and killing the dog.
The defendant, Elizabeth Rodriguez, was a validly licensed learner who was, at the time of the accident, being instructed by her husband, a validly licensed operator.
In the answering affidavit of defendant, Leopoldo Rodriguez, it is stated that he, Leopoldo, was teaching his wife how to drive ‘ ‘ when suddenly the car started to go out of control. I directed her to apply the brake, but the car continued to veer, climbing the curb and striking a pedestrian. ’ ’ The police report indicates that when the husband told the wife to stop the car, she inadvertently stepped on the gas pedal, rather than the brake pedal.
The defendants rely upon three grounds in opposing this motion: 1) That the plaintiff has not spelled out the specific acts of negligence of the defendants; 2) That the accident may be due to driver inexperience, rather than negligence, and 3) that the negligence, if any, of the wife could not be imputed to the husband.
In regard to the first ground, there is, in circumstances such as are presented in this case, a presumption of negligence and a presumption of freedom from contributory negligence (Locicero v. Messina, 239 App. Div. 635 ; O’Brien v. Purpura, 25 Misc 2d 1009). This presumption, if unanswered, is sufficient to support the motion for accelerated judgment (Kohler v. Fifth Ave. Coach Lines, 23 Misc 2d 66).
It has further been held that an answer, alleging that the foot of the driver slipped from the brake to the gas pedal, thereby causing an automobile to jump the curb and strike a pedestrian, is insufficient to defeat the motion for accelerated judgment (Reichert v. Walker, 26 Misc 2d 1057) and that merely reciting how the accident occurred, without setting forth all the material facts, and raising a defense, is insufficient to bar the motion (Berman v. Entwistle, 195 N. Y. S. 2d 494).
The second point raised by defendants is that the accident might have occurred through “ driver inexperience,” rather than ‘ ‘ negligence, ’ ’ and that there is a distinction between the two which would mitigate against summary judgment. Nowhere is *245 this distinction spelled out, hut the thrust of the argument seems to be that a driver who has less experience, in this case, the learner, is held to a lesser degree of care than one who is more experienced.
This is a novel doctrine buttressed by no case or statute law, and one which would lead to much mischief by making the degree of expertise of a driver, a factor in his negligence. The court rejects this proposition and holds that drivers, whether learning or experienced, have a duty of keeping their vehicles under reasonable control. And where, as in this case, this is not done, the driver is guilty of negligence.
The third point raised by the defendant is that the negligence of the defendant learner cannot be imputed to the owner instructor, and the defendant cites the case of Wolpert v. Garrett (278 App. Div. 893) in support of that proposition. This case does not apply in this matter, for here the defendant instructor was the owner of the vehicle, and the negligence of the driver is imputable to him as owner, not as instructor (Vehicle and Traffic Law, § 388).
Motion granted.