Chief Judge Breitel
(dissenting). I dissent and would affirm the order of the Appellate Division. Defendant Pomeroy’s negligence was not established as a matter of law, the only basis for granting summary judgment.
Professor Siegal has stated succinctly: “ The very question of whether the defendant’s conduct amounts to ‘ negligence ’ is inherently a question for the fact-trier in all but the most egregious instances. Even the so-called ‘ rear-end ’ collision, the one most presumptively favorable to the plaintiff, can readily be shown to present factors necessitating trial ” (Siegel, Practice Commentary to CPLE 3212, 03212:8, McKinney’s Cons. *366 Laws of N. Y., Book 7B, p. 430; see, also, Hajder v. G. & G. Moderns, 13 A D 2d 651; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03). The rule of course is especially applicable to automobile collisipn cases.
Indeed, appellate courts, recognizing the presence of issues of fact, have regularly denied summary judgment relief in rear-end collision cases (see, e.g., Guigliano v. Basirico, 33 A D 2d 1045; Bullard v. Graham, 33 A D 2d 550; Velten v. Kirkbridge, 20 A D 2d 546; Colosimo v. Rosenstock, 15 A D 2d 663; Poulter v. Masullo, 13 A D 2d 674; Kind v. Barone, 12 A D 2d 625; Block v. Acerra, 12 A D 2d 525; see, a fortiori, Small v. Tyres, 33 A D 2d 1055 [defendant’s unattended automobile rolled downhill]; Schneiderman v. Metzger, 30 A D 2d 829 [defendant, looking at traffic light in distance, hit plaintiff’s car in rear]; cf. Blixton v. MacNary, 23 A D 2d 573, 574 [defendant, who admitted fault, driving on wrong side of road, collided head-on with plaintiff’s car]; Cicero v. Clark, 23 A D 2d 583 [defendant fell asleep at wheel]; Schneider v. Miecznikowski, 16 A D 2d 177 [defendant, traveling at between 40 and 50 miles per hour, shifted car into reverse]; Donahue v. Romahn, 10 A D 2d 637 [defendant driver fell asleep or “blacked out ”]; Hatch v. King, 33 A D 2d 879 [plaintiff’s car struck parked car in rear, directed verdict denied]; contra, Opalek v. Oshrain, 33 A D 2d 521 [facts as in this case but defendant admitted fault]).
The crucial question, which must be answered in the affirmative if plaintiff is to prevail, is whether defendant’s conduct, under the circumstances, constituted negligence as a matter of law, that is, whether she failed to act as a reasonably prudent person would under the -circumstances. And, in all but the most extraordinary instances, whether a defendant has conformed to the standard of conduct required by law is a question of fact (Sadowski v. Long Is. R. R. Co., 292 N. Y. 448, 455; see Restatement, Torts, 2d, § 328B, subd. [b]; Prosser, Torts [4th ed.], p. 207).
As the court stated in Sadowski v. Long Is. R. R. Co. (292 N. Y. 448, 455, supra) “ Essentially, what is negligence in a given case is a question of fact. Each case depends upon its own peculiar circumstances. Decisions in other actions in which damages are sought for personal injuries furnish no criterion or guide for determination of what is or is not negligence in a *367 particular case involving its own peculiar facts and circumstances. Under circumstances existing in one case the ordinary care required might not be the same as that required under other circumstances. Negligence arises from breach of duty and is relative to time, place and circumstances (Mink v. Keim, 291 N. Y. 300, 304).”
Defendant, upon whose uncontradicted account plaintiff relies, described the collision in her motor vehicle accident report as follows: “ car No. 1 [defendant’s vehicle] slowed down but was unable to stop in time because of wet road.” This description is consistent with her use of the term “ coasted ” to characterize the motion of her vehicle prior to impact. She never admitted that she “ crashed ” her vehicle into the Pitou car, and probably referred to a skidding on the wet road once she applied her .brakes.
This court has held that whether skidding constitutes negligence is a question of fact for the jury (Pfaffenbach v. White Plains Express Corp., 17 N Y 2d 132, 136). The Pfaffenbach case held that skidding established on behalf of a passenger a prima facie case of negligence against an operator defendant and presented an issue of fact for the jury. In doing so, Pfaffenbach overruled prior cases which had held that mere skidding was not probative of negligence -because of alternative innocent explanations for the skid. The effect of the holding by the majority in this case, if all defendant Pomeroy did was to skid, is now to raise skidding on a wet road into negligence as a matter of law. This is hardly a tenable view -on the particular facts and does not accord with driving experience.
Moreover, it is not true that always, as a matter of law, an automobile operator’s momentary glance away from the road is not the act of a reasonably prudent person. There is no requirement either of law or of good driving practice that an automobile operator must keep his eyes rigidly fixed on the road ahead. Indeed, such invariable conduct could itself be negligent. Apart from normal safety precautions, such as rear and sideview mirror checks, a reasonably prudent driver is repeatedly presented with familiar situations which involve a brief glance away from the road ahead, for example, securing change for a toll, reaching for a thruway toll ticket, putting on sun *368 glasses, reaching for a roadmap, tuning in a radio station, handing an object requested by a passenger.
Perhaps the toll change situation is most similar to the instant case. Traffic often “ bunches up ” at the approach to a toll booth, and the movement of the vehicles in line usually is ‘ ‘ stop- and-go ”. A brief glance away from the road, to secure change from a handbag to pay the toll, hardly constitutes negligence as a matter of law.
Surely if the litigation situation were reversed, a court, and certainly not this court, would never find a driver, on the solitary fact of a momentary glance away from the road, guilty of contributory negligence as a matter of law. Yet the standard is the same in either facet of an automobile negligence case: Whether the driver acted as a reasonably prudent person under the circumstances (Restatement, Torts, 2d, § 464, subd. [1]). Notably, defendant was traveling at a very slow rate of speed, five miles per hour, when she momentarily looked away from the road. Her fopt was off the accelerator. The Pitou car was slowing down or was stopped about a car-length away. Defendant jammed on the brakes, but her car “ coasted ”, she said, into the Pitou vehicle.
In stark contrast to the instant case are those in which the courts have found negligence as a matter of law-: carrying a gun on one’s shoulder in a city street; leaving a spirited horse unhitched in a street; sending out a train without brakes; sending dynamite by express without disclosing its contents; deliberately walking in front of a rapidly approaching automobile; crossing a city street or walking in front of an approaching train without looking (see Richardson, Evidence [10th ed.], § 120, and cases cited).
Whitely v. Lobue (24 N Y 2d 896), in which this court sustained summary judgment in favor of a plaintiff in an automobile case, offers -a perfect foil to this one. In that case, on a clear, dry day, the automobile operated by defendant, who stated that she must have looked away from the road for a moment, left the westbound lane of a multilane parkway, crossed the divider strip and crashed head-on into plaintiff’s car in the eastbound lane.
Besides the contradictory versions by Mrs. Lobue of the accident in her accident report, in the hearing before the Depart *369 ment of Motor Vehicles referee, and in her examination before trial, she admitted, in effect, to gross incompetence in her driving. She panicked, put the brakes on fast, and was stunned striking her head against the glass. Later she did not recall these details. On the motion for summary judgment she averred that she had been rendered unconscious by the accident, and that she signed the accident report without reading it. She had been traveling at 40 miles per hour.
The Whitely case presented no issues of fact. In truth, the Whitely case is a pristine classic for the granting of summary judgment. The only inference, if indeed any inference at all was necessary in the light of Mrs. Lobue’s statements and testimony, was negligence as a matter of law.
Of course, it is realistic to recognize that the courts below were influenced by the relationship between plaintiff and defendant Pomeroy, namely, adult daughter and mother. Plaintiff’s case is taken largely from defendant’s own statements on examination before trial. Her testimony was bare of detail. The quoted excerpts reveal neither question nor answer to disclose the need to retrieve or the purpose in retrieving the compact from her handbag. Such recognition by Special Term of the family relationship should not and does not justify an over-correction, if that it be, to find negligence as a matter of law. Of course, the case was “ suspect ”, as a practical matter. Reliance on or influence by the suspect aspect of the case does not alone make the determination below error as a matter of law, so long as that determination was correct.
Summary judgment is good when there is no issue to be tried. It is unauthorized when there is an issue. Negligence is one of the most relative terms in the jurisprudence. The identical act may or may not be negligent. Lapses from extraordinary standards are not negligence. Lapses from one’s own ordinary usage are not ipso facto negligence. Failure to do what another would or would not do in the same circumstances is not necessarily negligence. What would be negligence in retrospect is not negligence in prospect. It is only in prospect to fail to do what the reasonably prudent person would have done or not done in the circumstances relative to time, place, and community standards, absent defined statutory standards, that the law *370 declares is negligent. It is for that reason that it is very rare indeed that the issue is not one of fact fo^ the jury.
Always to be kept in mind is that contributory negligence is the converse of the acts under scrutiny. This court has said repeatedly that contributory negligence may almost never be found as a matter of law but presents a jury issue of fact. In Rossman v. La Grega (28 N Y 2d 300, 305-308) it was said: “ Indeed, the general softening of the rigidities of the doctrine of contributory negligence in New York may be seen in recent cases where the injured person is himself suing and thus has the burden of showing he was not negligent. The tendency is to treat it almost always as a question of fact ” (p. 306).
Instances are innumerable. A few examples are illustrative (see Wartels v. County Asphalt, 29 N Y 2d 372, 379; Orwat v. Smetansky, 22 N Y 2d 869, 870-871; Luce v. Hartman, 6 N Y 2d 786, 787-788; Schuvart v. Werner, 291 N. Y. 32, 35; Tedla v. Ellman, 280 N. Y. 124, 134; Wardrop v. Santi Moving & Express Co., 233 N. Y. 227, 229; Wagner v. International Ry. Co., 232 N. Y. 176, 182).
Finally, the deluge of accident cases that for years encumbers the civil parts of the courts will not be perceptibly alleviated by the occasional disposition by summary judgment. It is not even a drop in the bucket, but at best a drop in the ocean of tort litigation. Indeed, the abuse of the summary judgment motion in negligence actions seems to have had the net effect of increasing Expenditure of judicial energy (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03, p. 32-142.15, op. cit.). Moreover, as every litigation sophisticate in the negligence field knows, the great issue is not liability but the damages recoverable for injuries. Of course, the plaintiff would like to go to the jury solely on the issue of damages, of a dubious extent at best, and limit or preclude the inquiry into the cause of the accident which will create little sympathy for her in this mother-daughter litigation. To be realistic and candid juries often compromise liability issues by adjusting the damages recovery, but this is not a good reason for keeping them ignorant of the facts of liability, when, as a matter of law, they ought to pass on them.
*371 Accordingly, I dissent and would affirm the order of the Appellate Division and would answer the certified question in the affirmative.
Judges Gabrielli, Jones and Stevens concur with Judge Wachtleb ; Chief Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jasen and Rabin concur.
Order reversed, with costs, and plaintiff’s motion for summary judgment granted. Question certified answered in the negative.