■ JANICE D. OBERMAN et al., Respondents, v ALEXANDER'S RENT-A-CAR et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County, entered February 4, 1976, after a trial and a jury verdict, unanimously affirmed. Plaintiffs-respondents shall recover of defendants-appellants $60 costs and disbursements of this appeal. This action is a consolidation of several suits arising from a six-car chain automobile accident on the Long Island Expressway. Plaintiffs are the driver and occupants of the fourth car, a 1969 Ford Falcon, driven by John J. Calamari, Jr., which, when struck in the rear, caught fire. All three of its occupants sustained serious burns, but no other significant injuries, and John C. Calamari, father of the driver, died of his injuries. After trial, the jury returned a verdict against: Ford Motor Company; Manuel Ponte, the driver of the lead car, who came to a dead stop in the center lane after noticing his front tire was flat; Frances Gill, the driver of an Alexander's Rent-A-Car, who came to an abrupt stop behind the Ponte car; Robert Steinert, the driver of the third car, who struck the Gill car; and Theodore Bohlman, the driver of the fifth car, who struck the Calamari car. The jury returned a verdict in favor of the defendant Cornelius O'Connor, who struck the Bohlman car and found further that John J. Calamari, Jr., the driver of the Ford, was not negligent. The apportionment of the damages was: Ford, 82%; Ponte, 2%; Gill (and Alexander's), 2%; Steinert, 2%; and Bohlman, 12%. Drivers are under a

duty to maintain a reasonably safe rate of speed *(Hartstein v United States Trucking Corp.,* 260 App Div 643); have the automobile under reasonable control *(Cromwell v Rodriguez,* 66 Misc 2d 243); and to use reasonable care under the circumstances to avoid an accident *(Baker v Close,* 204 NY 92, 95). However, where a driver is confronted with an emergency situation not of his own making, a mere error of judgment does not make him negligent *(Rowlands v Parks,* 2 NY2d 64, 67). Whether one acts reasonably in the light of the emergency confronting him is a jury question *(Wagner v International Ry. Co.,* 232 NY 176, 182). The charge to the jury on the emergency doctrine was clear. No exceptions were taken. The jury was provided the proper legal framework upon which to base its verdict. The jury verdict as to the drivers' negligence is reasonable in light of the evidence adduced at trial. Furthermore, the claims by Gill and Bohlman that, even if they were negligent, their negligence was not the proximate cause of plaintiff's injuries is unpersuasive. Their negligence, coupled with the negligence of the other drivers and of Ford, eventually resulted in plaintiffs' injuries. As such their negligence was a proximate cause of the accident, concurrent with the negligence of the others, for without the negligence of all, this accident, and plaintiffs' injuries could not have resulted *(Petru v Hertz Corp.,* 36 AD2d 704). As to defendant Ford, no valid reason is presented to overturn the jury verdict. The jury found that the design and placement of the Ford flange-mounted gas tank, without installation of a protective fire wall, was a defective design which caused or enhanced plaintiffs' injuries. We agree with the trial court's ruling on the defendants' motions to set aside the verdict and for a new trial, that "it was for the jury to determine the weight to be given to the testimony of the several experts who testified in this case on behalf of the conflicting parties." The jury's determination is reasonable and supported by the record. Juries in other jurisdictions have made similar findings, i.e., that a flange-mounted gas tank was a defective design *(Polk v Ford Motor Co.,* 529 F2d 259, cert den 426 US 907; *Nanda v Ford Motor Co.,* 509 F2d 213). Finally, the jury verdict in favor of Christina Calamari for wrongful death and pain and suffering arising from the injuries to John C. Calamari, is fair, reasonable, and supported by the record. Concur—Stevens, P. J., Burns, Capozzoli and Nunez, JJ.