■ ARTHUR WOOLLEY, as Parent and Natural Guardian of KEVIN WOOLLEY, an Infant, Respondent, v SHARRAN A. COPPOLA, Individually and as Parent and Natural Guardian of FREDERICK P. COPPOLA, an Infant, Defendant, and DANIEL J. BAKER et al., Appellants.—Crew III, J.

On June 9, 1989, Frederick P. Coppola and Kevin Woolley, the driver and passenger, respectively, were injured when their automobile crossed from the southbound lane into the northbound lane of traffic and collided head-on with a pick-up truck driven by defendant Daniel J. Baker (hereinafter Baker) on Swaggertown Road in the Town of Glenville, Schenectady County. On October 4, 1989, plaintiff commenced this negligence action on behalf of Woolley, his son, against the owners and operators of both vehicles. After issue was joined and examinations before trial conducted, Baker and defendant Richard Baker (hereinafter collectively referred to as defendants) moved for summary judgment dismissing plaintiff's complaint against them. Supreme Court denied the motion and this appeal by defendants ensued.

Defendants claim that Baker was confronted with an emer-

gency not of his own making and was not negligent as a matter of law. We disagree. Generally, a driver of an automobile is under a duty to use reasonable care under the circumstances to avoid an accident *(see, Schuvart v Werner,* 291 NY 32; *Baker v Close,* 204 NY 92). Additionally, in an emergency situation, a driver is under a duty to act reasonably in light of the emergency confronting him or her *(see, Wagner v International Ry. Co.,* 232 NY 176, 182; *Oberman v Alexander's Rent-A-Car,* 56 AD2d 814, 815, *lv denied* 42 NY2d 806). In this case, Baker stated during his deposition that he was traveling about 40 miles per hour on the day of the accident. At a distance of some 200 feet, he saw Coppola's automobile sliding toward him. He moved slightly to the right of the road, lifted his foot off the accelerator, and coasted on the road without applying his brakes. Baker stated that he did not attempt to steer off the road or downshift. Whether Baker's actions or inactions were reasonable under the circumstances present factual issues to be resolved by a jury *(see, Schuvart v Werner, supra; Hartstein v United States Trucking Corp.,* 260 App Div 643; *Years v Waite,* 14 Misc 2d 393).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.