Requestor: Jens G. Lobb, Esq., Town Attorney Town of Catskill 439 Main Street Catskill, N.Y. 12414
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your letter inquiring as to a town's authority to remove obstructions which are placed in, or near, the right-of-way of a town highway which has been obtained by use pursuant to section 189
of the Highway Law.
Your letter notes that seven or eight years ago, a homeowner on the roadway in question installed wooden posts (approximately 4" x 4") along the roadway 18 inches from the paved portion of the highway. The homeowner on the other side of the road backed out of his driveway and into one of the posts causing damage to his vehicle. This neighbor complained to the town highway superintendent who issued an order to the owner of the wooden posts and directed him to remove the wooden posts. This individual has refused to comply with this directive and the town has taken no other action to enforce the order. A short while thereafter, the other neighbor installed a metal guardrail on his side of the roadway. The guardrail is within a foot of the paved portion of the highway.
Prior to the collision with the wooden posts, there had been no belief or assertion that such posts posed a safety hazard for the traveling public. With the erection of the guardrail, however, you informed us that the roadway has been narrowed to the extent where it essentially has become a one-lane roadway and drivers have to wait for one another in order to pass safely. In addition, you state that the roadway is now so narrow that the highway department's standard-size snowplow will not pass freely. You have informed us that you anticipate that the guardrail and the posts will create difficulty in pushing large amounts of snow off the paved portion of the highway.
If a road is in fact a highway by use, then the width of the prescriptive easement so acquired has generally been held to include the portion actually used (Schillawski v State of New York, 9 N.Y.2d 235 [1961]), the traveled portion and whatever land is necessarily used or incidental thereto for highway purposes (Nikiel v City of Buffalo, 7 Misc.2d 667
[Sup Ct, Erie Co, 1957]; Van Allen v Town of Kinderhook, 47 Misc.2d 955
[Sup Ct, Columbia Co, 1965]; 1971 Op Atty Gen [Inf] 102). This has been held to carry with it, in addition to the traveled way, the shoulders (Van Allen v Town of Kinderhook, supra; Years v Waite, 14 Misc.2d 393
[Sup Ct, Wayne Co, 1958]) and the usual width of the highway in the locality or such width as is reasonably necessary for the safety and convenience of the traveling public and for ordinary repairs and improvements (Nikiel v City of Buffalo, supra).
In Nikiel, the court made the following observation with regard to the extent of land which becomes part of a highway which is established by use:
 "While the width and extent of a highway established by prescription or use are generally measured by the actual use for road purposes, the easement is not necessarily limited to the beaten path or traveled tract. It carries with it the usual width of the highway in the locality or such width as is reasonably necessary for the safety and convenience of the traveling public and for ordinary repairs and improvements. A highway established by user includes the traveled tract and whatever land is necessarily used or is incidental thereto for highway purposes."
Nikiel, supra, 7 Misc.2d at 670.
We believe, therefore, that the extent of the right-of-way of a highway by use includes, at a minimum, the shoulders and whatever land is necessary for the safety of the public.
Section 319 of the Highway Law imposes a duty on all owners of land which is adjacent to a highway:
 "It shall be the duty of each owner or occupant of lands situate along the highways, to remove all obstructions within the bounds of the highway, which have been placed there, either by themselves or by their consent."
Highway Law § 319(2).
In addition, it is the duty of the town highway superintendent to keep the highways free from obstructions, including removal of snow. Highway Law §§ 140(2), 147; Farnsworth v Boro Oil, Inc., 216 N.Y. 40 (1915).
In sum, there is ample authority for the town to compel both of the landowners to remove the obstructions which now interfere with proper maintenance of the highway.
Finally, we believe that the town and the superintendent's responsibility involves an exercise of discretion. Not every encroachment into the right-of-way constitutes an obstruction which must be removed. See, Op Atty Gen (Inf) No. 91-22 (placement of underground sprinkler system in town right-of-way permissible). It is certainly conceivable that a certain object in the right-of-way poses a de minimus encroachment, and the town is justified in not seeking its removal. Furthermore, certain encroachments that at one time were de minimus may become substantive because of a change in circumstances, i.e., placement of other encroachments. These decisions are within the discretion of the town.