Howard T. Hogau, J.
Motion by the plaintiff for summary judgment in an action for personal injuries.
The infant plaintiffs, on June 2, 1958, at about 4:10 r.ai., ivero pedestrians on a sidewalk in the Incorporated Village of Valley Stream. The defendants’ automobile mounted the curb, struck two of the infant plaintiffs and flying glass injured two others. The report forwarded by Helen Walker to the Bureau of Motor Vehicles stated as the description of the accident, ‘1 Parking car — Foot slipped off brake on to gas pedal. Foot was caught between brake and gas pedal. Car mounted curb and ran into *1058 store front. Bear end slid around and struck parked car. Child pedestrian standing in front of store. Also bicycle in front of store.” A similar description was given by Helen Walker on her examination before trial. In an opposing affidavit she averred “ she started the motor to move the car into place and then stepped on the power brake. Her foot slipped off the end of the power brake and on to the accelerator. The brake snapped up, pinning her shoe on to the accelerator, and her ear mounted the sidewalk and struck the store front. When the brake pedal snapped over your deponent’s shoe, it held it there, so that it was impossible for your deponent to brake the car before it struck the store front. The car was in good mechanical condition ’ ’.
The only inference which may be drawn from the defendant Helen Walker’s statements is that she failed to exercise reasonable care in driving her automobile and her carelessness resulted in injury to the plaintiffs. A driver whose foot slips from the brake to the accelerator is a careless operator.
Motion granted. An order may be settled on notice, placing this case on the calendar of Trial Term Part I of this court on a date to be fixed therein, for trial of the issue of damages. The proposed order should be accompanied by proof as to whether a note of issue has been filed, whether a jury has been demanded, and what calendar fees have been paid.
If the action has not been noticed, the order should provide for the payment of the calendar fee plus a jury fee if a jury is desired.