Benjamin Brenner, J.
Motion for summary judgment in an action to recover for personal injuries brought by a driver of a car against the owner and driver of an oil truck. On the examination before trial of the defendant driver the latter admits knowledge of the tendency of his truck to move forward after it is brought to a halt, when partially filled with oil, as was the case here. This admission in the light of Ms further testimony that he saw plaintiff’s veMcle standing still some 60 or 80 feet ahead of him while he was himself traveling at the rate of 15 miles per hour, conclusively establishes defendant’s negligence as well as plaintiff’s freedom from contributory negligence. There being no triable "issues remaining, plaintiff is entitled to summary judgment.
Subdivision 3 of rule 113 of the Rules of Civil Practice provides for an “immediate hearing” for the assessment of damages. It is however, not clear whether such “ immediate hearing ” is intended for cases that do not properly belong in this court or whether it should be ordered before the defendant is informed of the nature and extent of the injuries claimed.
*360 To permit immediate assessment of damages in this court for a minor injury deserving summary judgment will, of course, encourage institution of negligible claims in the Supreme Court and, in some instances, even circumvent the effect of a previously denied rule 9 preference. It therefore seems to me that the rule had in mind the assessment of damages in the forum which initially is the proper forum for such assessment. In any case, it seems only fair that plaintiff disclose his injuries, which he has failed to do on this motion, and establish that he is entitled to a preference under rule 9 of the Buies of the Kings County Supreme Court before damages are assessed.
The provision for an immediate trial, even if had in the proper forum, is also subject to reasonable question in the second aspect above stated. Obviously a defendant already found liable in tort should not be driven blindly into a hearing to assess damages without prior opportunity to prepare ftir it, otherwise a speedy hearing would amount to punishment of a tort-feasor who may genuinely be unaware of the true nature and extent of plaintiff’s injuries — the principal and often the sole issue involved in a personal injury suit. It would thus seem that the immediate hearing mandated by the rule should take place after the plaintiff’s injuries are made known to the defendant through a bill of particulars and an examination, procedurally possible by plaintiff’s compliance with the readiness rule.
This motion is therefore granted; damages to be assessed at a hearing before the court and a jury after plaintiff shall have filed a statement of readiness and obtained a rule 9 preference.
Settle order on notice.