Benjamin Brenner, J.
Plaintiff’s motion for summary judgment in this negligence action is granted.
In defendant’s answers to interrogatories, in his report to the Motor Vehicle Bureau and in his statement to the police officer *351 at the scene of the accident he asserted that his foot slipped off the brake while attempting to stop his car for a red light. Plaintiff’s car was struck in the rear by defendant’s car causing the former to strike the car ahead, which in turn hit the car in front of it. Defendant asserts in his opposing affidavit that he was approximately 75 to 80 feet from the intersection when the light turned red for him; that he applied his brake and slowed the car down from 25 to 15 or 20 miles per hour; that his foot slipped off the brake and the vehicle continued in its forward momentum; that he then attempted to apply the brakes again but by this time he was too near the plaintiff’s vehicle to avoid striking it. The fact, as indicated by the record in this case, that at least three cars ahead, including that of the plaintiff, were in stationary position, waiting for the same light is not mentioned by the defendant at all. Nor does he explain why he first applied his brake some 80 feet behind the intersection (this would place his car immediately behind plaintiff’s car) when he first decided to bring his car to a halt. It is thus inescapable that defendant failed to exercise reasonable care in the operation of his motor vehicle, not only because his foot slipped off the brake, which alone is evidence of negligence (Reichert v. Walker, 26 Misc 2d 1057; Marshall v. Plaster, N. Y. L. J., Feb. 1, 1960, p. 15, col. 5; McLeod v. Steen, N. Y. L. J., July 7, 1959, p. 7, col. 7; Wolf v. Tulotta, N. Y. L. J., June 23, 1959, p. 12, col. 3) but because he operated his car so close to the stationary automobile ahead that at the rate of speed indicated he could not recover in time to effectively stop it even if his foot had not slipped off the brake.
Defendant argues that the court must deny summary judgment because this case has not received a preference under rule 9 of the Rules of the Supreme Court, Kings County. Apparently he misunderstands my holding in Blasi v. Checker Fuel Oil Corp. (20 Misc 2d 359) that on the granting of summary judgment an assessment of damages should take place only after a rule 9 preference is obtained, for summary judgment was granted in the case cited.
Finally defendant urges that as plaintiff received no injury whatever, the court cannot grant summary judgment, for an injury is an integral part of a cause for negligence. It is however obvious that plaintiff received some injury, considering the 12-day hospitalization, the police report of a claimed injury at the time of the occurrence and the order of this court removing the action from the City Court. Thus the extent of such causal connection may well be resolved on the hearing for the assessment of damages.
*352 The motion is granted. Damages will be assessed at a hearing before the court after the plaintiff shall have filed a note of issue and statement of readiness and obtained a rule 9 preference.