43763. STEPHENS, Administratrix v. MASSEY.

BELL, Presiding Judge. This is a suit to recover damages for injuries sustained by plaintiff when his pickup truck was struck from the rear by a family-purpose car operated by the stepdaughter of defendant's decedent. The administratrix has been substituted as defendant in lieu of the decedent since the former appearance of this case. See *Massey v. Stephens,* 113 Ga. App. 10 (147 SE2d 53), where this court held that the trial court erred in charging the jury on comparative negligence where there was no evidence of negligence on the part of plaintiff even though that issue was raised in the defensive pleadings. No evidence having been offered for the defense on the previous trial, the defense introduced the testimony of the stepdaughter on the retrial. The collision occurred in the city of Columbus near an intersection controlled by a traffic light. Plaintiff's testimony was uncontradicted that as he approached the intersection driving at a slow rate of speed two cars in the same traffic lane were stopped in obedience to the red light. He pulled up behind them and stopped. The stepdaughter, who was traveling in the same lane behind plaintiff, testified that plaintiff made the stop suddenly without giving any signal and that his brake lights did not work.

Relying on the latter testimony, defendant contends the court erred in refusing to charge the jury on comparative negligence on retrial of the case. *Held:*

The evidence was insufficient to show any negligence on the part of the plaintiff which proximately contributed to the collision. One who knows that the car ahead of him is approaching an intersection where traffic-control signals may require a stop is bound to exercise diligence to keep a reasonably safe distance and to keep his own vehicle under control in order to stop in the event of a sudden stop by the preceding vehicle. *Jackson v. Camp & Brown Produce Co.*, 92 Ga. App. 359, 363 (88 SE2d 540); *Gleason v. Rhodes Center Pharmacy*, 94 Ga. App. 439, 441 (95 SE2d 293). The young lady's testimony indicated that she was following plaintiff too closely. Facing and admittedly seeing the red light, she was bound to know, even without a stop signal by plaintiff, that plaintiff would stop behind the vehicles ahead of him, suddenly or otherwise. Under these circumstances a finding was demanded that the event would have been the same whether or not plaintiff gave a signal and his sudden stop without signalling did not enter into the proximate cause of the collision. *Gleason v. Rhodes Center Pharmacy*, 94 Ga. App. 439, 440, supra. The court did not err in refusing to charge on comparative negligence.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

Argued July 2, 1968—Decided September 20, 1968.

*Hatcher, Stubbs, Land & Rothschild, J. Rudolph Jones,* for appellant.

*L. B. Kent,* for appellee.