■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW ZVONIK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 26, 1972, convicting him of criminal mischief in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion, it was unlawful to compel defendant, over his objection, to submit to trial when the People had failed to serve an ordered bill of particulars. Until the service and filing of such a bill, proceedings upon the indictment are stayed (CPL 200.90, subd. 5). Furthermore, it was reversible error to suggest to the jury that the testimony of the complaining witness was truthful and that merely because defendant denied the crime did not mean that defendant was innocent. Lastly, it was reversible error, in the circumstances at bar, to refuse to adjourn the trial until after the luncheon recess in order that defendant might offer the evidence of witnesses who were represented by him to be en route to court. In addition to the foregoing, upon the argument of this appeal and in his brief, the District Attorney consented to a reversal and a new trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ MITCHELL SLAVINSKAS, Appellant, v. CLINTON WAREHOUSE, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated January 17, 1972, which denied his motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted, with assessment of damages to proceed. The uncontested facts shown in the papers on the motion demonstrate that for four hours prior to the accident the individual defendant drove the loaded 15,000 pound truck in question, with knowledge that it was necessary to "mash" the brake down *twice* in order to slow the vehicle down, and that he made no attempt to repair the defect. In our opinion, these facts demonstrate that the individual defendant was negligent as a matter of law. Since there is no claim of contributory negligence, the motion for summary judgment should have been granted (*Blasi* v. *Checker Fuel Oil Corp.*, 20 Misc 2d 359; cf. *Guglielmini* v. *Conigliaro*, 35 A D 2d 524, affd. 29 N Y 2d 930). To the extent that *Serra* v. *Sosa* (35 A D 2d 663) is inconsistent with this result, we decline to follow it. Hopkins, Acting P. J., Munder, Martuscello and Gulotta, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: The condition of the brakes presented a triable issue of fact.