ERNEST K. TSUGAWA and ETHEL T. TSUGAWA, Plaintiffs-Appellants, *v.* PAUL J. REINARTZ, JR., Defendant-Appellee

NO. 5419

OCTOBER 31, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ.,
AND CIRCUIT JUDGE KATO IN PLACE OF
LEVINSON, J., RECUSED

68

OPINION OF THE COURT BY OGATA, J.

Plaintiffs-appellants, Ernest K. Tsugawa and Ethel T. Tsugawa, husband and wife, brought this action against defendant-appellee, Paul J. Reinartz, Jr., in the Circuit Court of the First Circuit to recover for personal injuries and property damages sustained by plaintiffs-appellants as a result of a three-car automobile collision. The case was tried before a jury which found a verdict in favor of the defendant-appellee and against the plaintiffs-appellants. A judgment was entered on this verdict. For reasons hereinafter set forth, we reverse the judgment.

On June 14, 1969, the motor vehicle operated by plaintiff-appellant, Ernest K. Tsugawa,[1] was struck in the rear by a motor vehicle operated by the defendant-appellee. This collision occurred on Likelike Highway in Honolulu on a clear, dry Saturday afternoon. Prior to the collision, the parties were stopped in the ewa (inside) lane, mauka (north) bound, behind a line of cars at the red traffic light at the intersection of Likelike Highway and Nalanieha Street. The defendant-appellee's vehicle was then stopped immediately behind plaintiff-appellant's vehicle. When the light turned

---

[1] Whenever the term "plaintiff-appellant" is used herein, it will refer to plaintiff-appellant, Ernest K. Tsugawa, and the plural of that term to Ernest K. Tsugawa and Ethel T. Tsugawa, husband and wife.

green, the line of cars proceeded through the intersection in the mauka direction on Likelike Highway. When the plaintiff-appellant's vehicle had moved approximately ninety-six feet mauka of the intersection, the line of cars then slowed down again and came to a stop; however, the defendant-appellee, being unable to stop his vehicle, collided into the rear of the plaintiff-appellant's vehicle. The plaintiff-appellant contends that not only was his automobile struck in the rear by defendant-appellee's vehicle, but that the impact of this collision pushed forward the plaintiff-appellant's automobile into the rear of a forward vehicle driven by a Mr. Kazunaga. Both Likelike Highway and Nalanieha Street were paved with asphalt, and the grade of Likelike Highway in the vicinity of the collision is slightly inclined. Defendant-appellee was driving a standard size 1964 Chevrolet stationwagon. Plaintiff-appellant was driving a white 1966 Chevy II stationwagon and Mr. Kazunaga was driving a blue 1969 Buick stationwagon.

According to the version of defendant-appellee, who testified in this case relative to the collision between his vehicle and plaintiff-appellant's vehicle, it appears that just prior to the collision, but while defendant-appellee was proceeding through the Nalanieha Street intersection, he observed a dead or injured dog which was lying along the left side of the highway and which extended about a foot into his lane of travel. As a result defendant-appellee briefly diverted his attention from the line of traffic to glance at the dog, glance to the right to see if there was traffic to the right of his automobile, and make a slight directional adjustment within his lane to avoid hitting the dog. Defendant-appellee was then following plaintiff-appellant by approximately two or three standard car lengths at twenty-five to thirty miles an hour. When he looked forward again the defendant-appellee observed that the plaintiff-appellant's vehicle was no longer moving forward; the defendant-appellee then slammed on his brake but his vehicle collided against the rear of plaintiff-appellant's vehicle. According to defendant-appellee's testimony, after he had applied his brake to his vehicle, it was coming to a stop, and that the collision between his vehicle and the

plaintiff-appellant's car was slight. Defendant-appellee maintains that he came to a full stop after the collision. He further testified that he did not see the rear brake lights flashing on plaintiff-appellant's vehicle and did not see plaintiff-appellant's car collide with Mr. Kazunaga's car. Defendant-appellee and his wife (who was a passenger in defendant-appellee's car at the time of the accident) both testified that they did not see plaintiff-appellant's vehicle roll backward.

At the close of all the evidence, and after the defendant-appellee had rested his case, plaintiffs-appellants moved the court below to direct the jury to find in favor of the plaintiffs-appellants on the question of liability for the rear-end collision between the vehicles of plaintiff-appellant and defendant-appellee. This motion for directed verdict on liability was denied.

It is not necessary in our disposition of this appeal to decide which of the collisions occurred first or which collision (if not both) caused the alleged injuries and damages to plaintiffs-appellants. All we decide now is that as a matter of law, on the record of this case, defendant-appellee is liable to plaintiffs-appellants for the injuries and damages proximately caused as a result of the collision between defendant-appellee's vehicle and plaintiff-appellant's vehicle and that plaintiffs-appellants were entitled to and they should have been granted a directed verdict against the defendant-appellee on the issue of liability. Consequently, the role and function of the jury should have been limited under appropriate instructions to the single issue and responsibility of determining the damages, if any, to be awarded to plaintiffs-appellants. It follows from the foregoing view that we have expressed and we, therefore, hold that the court also erred in denying the motion for a judgment notwithstanding the verdict on the question of liability and for a new trial on the question of damages filed by plaintiffs-appellants after the entry of the judgment.

The standard for a directed verdict or judgment notwithstanding the verdict has been delineated in several cases in this jurisdiction: *State Savings & Loan v. Corey*, 53 Haw. 132,

488 P.2d 703 (1971); *Nagata v. Kahului Development Co.*, 49 Haw. 378, 420 P.2d 103 (1966); *Young v. Price*, 47 Haw. 309, 388 P.2d 203 (1963). Thus, we have stated in *State Savings & Loan v. Corey, supra,* at page 145, 488 P.2d at page 711: "that verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the jury's findings. More particularly, in relation to directed verdicts we have held in *Chambers v. City and County of Honolulu,* 48 Haw. 539, 541, 406 P.2d 380, 382 (1965), quoting from *Young v. Price,* 47 Haw. 309, 313, 388 P.2d 203, 206 (1963); *Young v. Price,* 48 Haw. 22, 24, 395 P.2d 365, 367 (1964), that: '[O]n motions for a directed verdict, the evidence and the inferences which may be fairly drawn from the evidence must be considered in the light most favorable to the party against whom the motion is directed and if the evidence and the inferences viewed in that manner are of such character that reasonable persons in the exercise of fair and impartial judgment may reach different conclusions upon the crucial issue then the motion should be denied and the issue should be submitted to the jury.' "

This court has further held in *Young v. Price, supra,* at page 313, 388 P.2d at 206: " 'where there is no conflict from the evidence and but one inference can be drawn from the facts, it is the duty of the court to pass upon the question of negligence and proximate cause as questions of law.' *Carreira v. Territory,* 40 Haw. 513, 517. This is equally true where contributory negligence is the issue. *Ferrage v. Honolulu Rapid Transit,* 24 Haw. 87, 91." *See also DePonte v. Ulupalakua Ranch, Ltd.,* 48 Haw. 17, 395 P.2d 273 (1964).

While reasonable people may differ in their assessment of the other issues presented by the case, it is clear to us that the defendant-appellee's negligence proximately caused the collision between plaintiff-appellant's and defendant-appellee's vehicles.

Defendant-appellee virtually admitted in his testimony that he was inattentive when he stated that he diverted his eyes from the line of traffic in front of him to look at the dead or injured dog lying at the side of the road. He was put on notice that he was travelling in heavy traffic, following a line

of seven or eight cars when he stopped behind the vehicle of plaintiff-appellant just before the traffic signal. Defendant-appellee, as a reasonably prudent driver, under these circumstances, should have been fully aware that this could have produced a "stop and go" situation. His speed and following distance should have been adjusted accordingly. The movement of this line of traffic should have been the focal point of his attention. This case is not like those in which a lead car makes a sudden, unsignaled, unanticipated or inappropriate stop. *Compare, Glawe v. Rulon,* 284 F.2d 495 (8th Cir. 1960); *Pittman v. Bowman,* 249 Cal. App. 2d 207, 57 Cal. Rptr. 319 (1967); *Lowenthal v. Mortimer,* 125 Cal. App. 2d 636, 270 P.2d 942 (1954); *Kline v. Kane,* 246 Md. 19, 226 A.2d 894 (1967); *Savage v. Blancett,* 47 Ill. App. 2d 355, 198 N.E.2d 120 (1964); *Jaeger v. Estep,* 235 Or. 212, 384 P.2d 175 (1963); *Patzer v. Bowerman-Halifax Funeral Home,* 370 Mich. 350, 121 N.W.2d 843 (1963); *Baxley v. Fischer,* 204 Va. 792, 134 S.E.2d 291 (1964); *Kuether v. Locke,* 261 Minn. 41, 110 N.W.2d 539 (1961); *Ayers v. Puckett,* [Tex. Civ. App.], 334 S.W.2d 552 (1960); *Pacific Indem. Co. v. Cavalier,* [La. App.], 97 So. 2d 502 (1957); *Leon v. Neal,* [La. App.], 34 So. 2d 276 (1948); *Grapp v. Peterson,* 25 Wash. 2d 44, 168 P.2d 400 (1946); and *compare generally,* 85 A.L.R. 2d 636-639 and 642-645.

Neither defendant-appellee nor his wife observed plaintiff-appellant's car rolling backward. Plaintiff-appellant testified that he did give a hand signal to indicate his intention to stop. Defendant-appellee testified that he saw neither a hand signal nor brake lights. However due to his own inattention, defendant-appellee could not have seen a hand signal even if given. In light of these facts we may conclude that a reasonable person in the exercise of fair and impartial judgment could not infer that the plaintiff-appellant was contributorily negligent. The jury, in fact, answered this issue in the negative in responding to the special interrogatory which it returned together with its verdict.

Defendant-appellee's vehicle, furthermore, would have collided with plaintiff-appellant's vehicle, whether plaintiff-appellant had stopped short of colliding with Mr. Kazunaga's

vehicle or had actually collided with it, in light of the fact that plaintiff-appellant's vehicle did not roll backward. Defendant-appellee's inattention to the line of traffic, speed of travel, and the short distance he left between his vehicle and plaintiff-appellant's rendered him unable to stop his vehicle without colliding with plaintiff-appellant's. Thus, under these circumstances, even if we should deem the plaintiff-appellant to be contributorily negligent, such negligence was not the proximate cause of the collision.

In the absence of evidence of unanticipated circumstances, contributory negligence,[2] or great following distance in relation to speed, the weight of authority holds the driver of the following vehicle liable for rear-end collisions. *Collins v. Shishido,* 48 Haw. 417, dissent of Mizuha, J., at 435, 405 P.2d 323 at 336 (1965); *Gloston v. Milchem Inc.,* [La. App.], 234 So. 2d 534 (1970); *Volkswagen Ins. Co. v. Tamburello,* [La. App.], 210 So. 2d 136 (1968); *Zeno v. Breaux,* [La. App.], 164 So. 2d 666 (1964), *writ refused* 246 La. 727, 167 So. 2d 304 (1964); *Ray v. State Farm Mutual Auto Ins. Co.,* [La. App.], 152 So. 2d 566 (1963); *Billiot v. Noble Drilling Corp.,* 236 La. 793, 109 So. 2d 96 (1959); *Kottwitz v. Highway Ins. Underwriters,* [La. App.], 92 So. 2d 79 (1957); *Gandy v. Arrant,* [La. App.], 50 So. 2d 676 (1951); *Vienne v. Chalona,* [La. App.], 28 So. 2d 154 (1946); *O'Conner v. Kientz,* 184 Neb. 554, 168 N.W.2d 703 (1969); *Gass v. Flynn,* 57 Misc. 2d 893, 293 N.Y.S.2d 791 (1968); *Rudorfer v. Bei,* 27 Misc. 2d 350, 210 N.Y.S.2d 167 (1960); *Rocco v. Goldman,* 23 Misc. 2d 995, 201 N.Y.S.2d 581 (1960); *De Paola v. Gitelman,* 137 N.Y.S.2d 684 (1954); *Gutterman v. Biggs,* 249 Md. 421, 240 A.2d 260 (1968); *Stephens v. Massey,* 118 Ga. App. 376, 163 S.E.2d 849 (1968); *Higgenbotham v. Ritchie,* [Tex. Civ. App.], 367 S.W.2d 210 (1963); *Kocour v. Mills,* 23 Ill. App. 2d 305, 162 N.E.2d 497 (1959); *Ceeder v. Kowach,* 17 Ill. App. 2d 202, 149 N.E.2d 766 (1958); *Wilson v. Sorge,* 256 Minn. 125, 97 N.W.2d 477 (1959); *Miller v. Cody,* 41 Wash. 2d 775, 252 P.2d 303 (1953); *Mac-*

---

[2] The burden of going forward with evidence of and of proving plaintiff's contributory negligence is on the defendant. *Collins v. Shishido,* dissent of Mizuha, J., 48 Haw. 411, at 435, 405 P.2d 323, at 336 (1965). *Miller v. Cody,* 41 Wash. 2d 775, at 778 and 779, 252 P.2d 303, at 305 (1953).

*Neill v. Makos*, 366 Pa. 465, 77 A.2d 378 (1951); *see generally*, 85 A.L.R.2d 630-635 and 639-642.

We do not believe that the other errors alleged in the brief, and complained by plaintiffs-appellants to have been committed by the trial court, merit our attention, especially since this case must stand a new trial on damages, except, perhaps, one other which bears upon whether the statement which was attached to defendant-appellee's answers to interrogatories should be considered as a part of the answers to the interrogatories. While this statement was not signed by the defendant-appellee it was nevertheless attached to the interrogatories in response to interrogatory numbered 27. We, therefore, hold that such a statement is a part and parcel of defendant-appellee's answers to the interrogatories and should be treated as such. *Kamali v. Hawaiian Electric Co.*, 54 Haw. 153, 504 P.2d 861 (1972).

We hold the defendant-appellee is liable for the collision between his vehicle and plaintiff-appellant's vehicle as a matter of law. The judgment is, therefore, reversed, and the case is remanded for a new trial for the determination of damages, if any, sustained by plaintiffs-appellants.

*David H. C. Lee (Herbert K. Shimabukuro* with him on the briefs, *Nishimura* and *Lee* of counsel) for plaintiffs-appellants.

*David J. Dezzani (Goodsill, Anderson & Quinn* of counsel) for defendant-appellee.