RICHARD DE LOS SANTOS, SR., for himself and as next friend of DOUGLAS DE LOS SANTOS and RICHARD DE LOS SANTOS, JR., Plaintiffs-Appellants, Cross-Appellees, *v.* STATE OF HAWAII, Defendant-Appellee, Cross-Appellant, and CITY AND COUNTY OF HONOLULU, Defendant-Appellee, and Third-Party Plaintiff, *v.* AUGUSTINE MIRANDA, Third-Party Defendant-Appellee, and Fourth-Party Plaintiff, *v.* STATE OF HAWAII, Fourth-Party Defendant

NO. 6531

(CIVIL NO. 45387)

DECEMBER 28, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED TEMPORARILY

*Per Curiam.* The plaintiffs-appellants Richard De Los Santos, Sr., for himself and as next friend of his two sons, Douglas De Los Santos and Richard De Los Santos, Jr., brought an action against the State of Hawaii and the City and County of Honolulu for damages sustained in an automobile accident. The complaint alleged that the State of Hawaii and the City and County of Honolulu, defendants-appellees, were negligent in supervising, maintaining and controlling the site of the accident and the highway approaches to the intersection where the accident occurred. The State and the City in turn filed third-party complaints against third-party defendant Augustine Miranda. The plaintiffs appeal from the trial court's

order granting the defendants-appellees' motions for summary judgment.

In the early morning hours of April 28, 1974, plaintiff-appellant Richard De Los Santos, Sr., was driving his automobile in the far right lane of Likelike Highway in the Kaneohe direction. At the intersection of Likelike Highway and Kahekili Highway his vehicle was struck by a vehicle which had entered the intersection from his left side. This second vehicle was driven by Augustine Miranda, the third-party defendant in this case.

Mr. Miranda had been travelling on Kahekili Highway and had proceeded into the intersection without stopping at the posted stop sign. Sometime just prior to the accident, Mr. Miranda had begun to reach with his right hand for a nasal spray applicator on the floor of the passenger side of his vehicle. In his deposition, Mr. Miranda described the situation just prior to the accident:

A. I remember some traffic lights back aways, coming to the end of that road. And I wanted to get this nasal spray, and usually it's on the dashboard, or I just leave it on the seat. And I felt around for it. It wasn't there. And when I looked down, it was on the floor, and I just reached down to get it, you know, kind of looking up every now and then and kind of groping for it. And I think I did get it.

And when I looked up, there is — the stop sign was right there.

Mr. Miranda was leaning towards his right or reaching down for the nasal spray when he observed the stop sign on the right side of the road. He was approximately twelve feet away from the stop sign when he first saw it.

When asked at what point he applied his brakes prior to the accident, Mr. Miranda answered as follows:

Q. As best as you can remember, where in relation to the stop sign were you when you remember putting on your brakes?

A. You mean how far away? Well, as soon as I seen it, I straighten up real quick and try to get on the brakes.

Q. So, as you're saying then, you were down, reaching down. You had felt the nasal spray. You looked up and you saw this stop sign, then you straightened up, and then you hit your brakes?

A. Um-hmm (nodding head).

Mr. Miranda also indicated that just prior to hitting his brakes, he

may have been travelling at a speed of about 50-55 miles per hour, but he was not sure. The posted speed limit on Kahekili Highway was 35 miles per hour. When asked whether his headlights were on high or low beam at the time of the accident, he responded: "Most likely, low." He also stated that the highway was lighted by street lights along his path of travel. This was confirmed by the affidavit of Howard H. W. Mau, State Maintenance Engineer, who averred that "on or about April 28, 1974 [the date of the accident], there were street lights along Kahekili Highway in the vicinity of the Likelike intersection."

The foregoing circumstances clearly establish that Mr. Miranda was negligent and that his negligence was a proximate cause of the accident. The only question, then, is whether his negligence was the *sole* proximate cause. We think that it was.

The accident occurred at the intersection of Kahekili and Likelike Highways. The State had traffic control over the intersection, while the City had jurisdiction over its approaches on Kahekili Highway. There was a posted stop sign at the entrance of Likelike Highway from Kahekili Highway. The approach to the intersection was illuminated by street lights along Kahekili Highway. Speed limit signs were posted along Mr. Miranda's line of travel.

Plaintiffs-appellants argue that the State was negligent for using a stop sign instead of traffic lights at the intersection. Plaintiffs-appellants also argue that the City should have posted signs warning motorists of the approaching intersection. We need not decide whether such signs should have been posted, for we think that in the circumstances of this case the trial court correctly ruled that Mr. Miranda's negligence was the sole proximate cause of the accident as a matter of law. Mr. Miranda was an experienced driver. Yet he exceeded the posted speed limit while on an unfamiliar highway. It was late at night and his headlights were in low beam. And the evidence shows he was clearly inattentive to his duties as a driver. *See Tsugawa v. Reinartz,* 56 Haw. 67, 527 P.2d 1278 (1974). In light of Mr. Miranda's conduct, no reasonable inference can be drawn from the record that any act or omission on the part of the State and of the City could have materially contributed to the accident.

Questions of negligence and proximate cause are ordinarily not susceptible to summary adjudication. But where the facts are undisputed or are susceptible of only one reasonable interpretation, the

trial court is under a duty to pass upon the question of negligence or proximate cause as a matter of law. *Pickering v. State,* 57 Haw. 405, 557 P.2d 125 (1976); *cf. Tsugawa v. Reinartz, supra.*

Affirmed.[1]

*Charles T. Kleintop* for plaintiffs-appellants, cross-appellees.

*Melvyn Miyagi,* Deputy Attorney General, for defendant-appellee, cross-appellant.

*Stanley Young,* Deputy Corporation Counsel, for defendant-appellee.

---

[1] We find the State's cross-appeal to be without merit. It was not entitled to its costs. The State was not a "successful claimant" within the intendment of HRS § 662-9 (1976). Neither is it entitled to costs as the "prevailing party" under Rule 54(d) of the Hawaii Rules of Civil Procedure. HRS § 662-9 explicitly encompasses the subject of costs to be awarded under the State Tort Liability Act.

For that matter, the legislature amended HRS § 662-9 in 1979 to allow a "prevailing party" to be awarded its costs. This case, however, was initiated before the amendment became effective on June 1, 1979.