CHARLES ANTHONY STANLEY, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 28811.
Intermediate Court of Appeals of Hawaii.
April 21, 2009.
On the briefs:
Charles Anthony Stanley, Petitioner-Appellant, pro se.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

MEMORANDUM OPINION
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Petitioner-Appellant Charles Anthony Stanley (Stanley), appearing pro se, appeals from the findings of fact, conclusions of law, and order entered by the Circuit Court of the First Circuit[1] (circuit court) on September 27, 2007, denying, without a hearing, his May 29, 2007 Hawai`i Rules of Penal Procedure (HRPP) Rule 40 petition to vacate, set aside, or correct judgment or to release him from custody. We affirm.

BACKGROUND

A. Criminal No. 04-1-0049
On January 7, 2004, in Criminal No. 04-1-0049, Stanley was charged by way of complaint with committing one count of robbery in the second degree, in violation of Hawaii Revised Statutes (HRS) § 708-841 (1) (a) (1993).[2] At his jury trial,[3] Stanley conceded that he had entered the Ala Moana store of Sears Roebuck and Co. (Sears or store) on December 31, 2003 and shoplifted two pairs of jeans and a blouse. It was thus undisputed that Stanley had committed the offense of theft. The primary issue at trial was whether Stanley, "in the course of committing theft . . . [had used] force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance" so as to elevate the theft offense to robbery in the second degree. HRS § 708-841 (1) (a).
The first witness at trial was Jennifer Genck (Genck), a Sears loss-prevention agent at the time of the incident. She testified that at about noon on December 31, 2003, she was on duty and walking around the second floor of Sears when she received a radio transmission from Scott Goodwin (Goodwin), a fellow Sears loss-prevention agent, informing her that a man with a black shoulder bag was walking through the store with three items in his hand and "acting suspicious and real jittery when people approached him." Genck stated that based on the information she received, she spotted the man, then kept her distance and attended to other duties while keeping in close contact with Goodwin via radio. She later "received further radio contact" that the man, whom she identified as Stanley, had concealed the items and was heading towards the second-floor exit that leads into the mall. Genck recalled that she headed for the exit, saw Stanley "carrying the black messenger bag over his shoulder and the three items . . . no longer in his hands." Genck explained that as Stanley exited the store, she stepped in front of him, showed him her badge, identified herself, and told Stanley that she was with Sears Loss Prevention and that he was "going to have to come back in the store." Thereafter, Genck said, Goodwin approached Stanley from the back and identified himself, and Stanley "got very jittery and kind of put himself in like a boxer stance and squared off with [Goodwin]." After demonstrating the pose taken by Stanley, Genck related that Stanley then stepped back, raised his hands into a fist, and lunged at Goodwin. A struggle then ensued.
Goodwin testified that he saw Stanley in Sears with what appeared to be an empty bag and "looking around in a nervous manner [.] " Goodwin also observed Stanley pick up two pairs of jeans and a woman's blouse, crouch down, place the three items in the bag, stand up, and exit the second-floor mall entrance without paying for the items. Goodwin recalled that he observed Genck approach Stanley just outside of Sears, whereupon Stanley became visibly panicked and looked like he was going to run. After Goodwin yelled at Stanley to stop and identified himself as security, Stanley turned toward Goodwin and raised his fists as if challenging Goodwin to a fight. Feeling threatened, Goodwin grabbed Stanley by the shirt collar and tried to calm Stanley. A struggle ensued.
Stanley testified that as he was leaving the store, he put down his bag, unzipped it, and took out a candy bar. He walked out of the store as he was zipping up the bag. When he got outside, he felt a tap on his shoulder. As he turned, Goodwin grabbed him by the neck and pulled him back. Stanley said he did not see Genck. He was being choked and could not breathe. Stanley denied taking a fighting stance or challenging security to a fight.
During the settling of jury instructions, the defense and prosecution withdrew their proposed instructions. The circuit court gave the following Instruction No. 3.12 by agreement of the parties:
Prosecution Not Required to Call All Witnesses
The prosecution is not required to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events, or to produce all objects or documents mentioned or suggested by the evidence.
The circuit court also instructed the jury that closing argument is not evidence.
During jury deliberations, the jury sent a communication to the circuit court and requested, in relevant part: "[W]e need a definite definition of the size of the bag [Stanley] used." The circuit court responded to the jury: "You have all of the evidence that was received in the trial. Rely on your individual and collective memories. Continue your deliberation." On October 6, 2004, the jury returned its verdict finding Stanley guilty as charged. The jury specifically found that the prosecution unanimously proved beyond a reasonable doubt that Stanley used force against Goodwin.
On October 21, 2004, Stanley filed a motion for judgment of acquittal/dismissal and/or new trial (motion for JOA/D/NT) on grounds of improper admission of character evidence, prosecutorial misconduct during closing argument, and prosecutorial misconduct by not introducing exculpatory evidence. In a declaration in support of the motion, which was scheduled for hearing on February 2, 2005, Stanley's trial counsel stated, in part:
b. During cross-examination of [Stanley], the prosecution was allowed to introduce evidence of [Stanley's] character for dishonesty, over defense objection, and where the defense never raised the issue of [Stanley's] character for dishonesty;
c. Said evidence included evidence of shoplifting, which is not considered a crime of dishonesty, and for which [Stanley] was not yet convicted;
d. Further, during closing argument, the prosecution argued the same evidence of [Stanley's] character for dishonesty;
d. [sic] Further, during closing argument, the prosecution mis-represented that a finding of force on the jury's interrogatory was tantamount to a finding of guilt of the charged offense of Robbery in the Second Degree;
e. [sic] Further, the prosecution never introduced into evidence, nor even brought to court, the bag that [Stanley] was carrying, despite the obvious issues surrounding the bag;
f. [sic] During deliberations, the jury asked in a communication about the dimensions of the bag;
g. [sic] As such, the prosecution did not introduce exculpatory evidence[.]
At the February 2, 2005 hearing on Stanley's motion for JOA/D/NT, Stanley's trial counsel orally moved to withdraw as counsel, on grounds that Stanley was questioning the timeliness of the motion for JOA/D/NT and why Stanley's bag was not adduced as evidence at trial. The motion to withdraw was denied, and the motion for JOA/D/NT was denied as untimely.
On February 24, 2005, at 8:38 a.m., Stanley filed a motion for reconsideration of the denial of the motion for JOA/D/NT (motion for reconsideration). In a declaration attached to the motion for reconsideration, Stanley's trial counsel attached documents that supported his claim that (1) he had submitted the motion for JOA/D/NT to a courier service for delivery to the circuit court on October 15, 2004; and (2) the document was timely delivered to the court on October 15, 2004 but was somehow not "filed" by the court until October 21, 2004. Also attached to the motion for reconsideration was a motion for new trial personally prepared by Stanley and dated October 13, 2004, which Stanley timely mailed to the circuit court clerk, who did not file the motion but instead mailed it to Stanley's trial counsel, well after the ten-day filing date had expired. In the motion for new trial that Stanley had prepared, Stanley argued that he was prejudiced by the failure to admit into evidence the bag that was in his possession at Sears because if the jurors had been able to see the bag, they would have realized that Stanley could not have held onto the bag and also hold both of his hands up in a threatening position.
On February 24, 2005, at 9:18 a.m., the circuit court entered the judgment in Criminal No. 04-1-0049, convicting Stanley of robbery in the second degree and sentencing him as a repeat offender to ten years of incarceration with a mandatory minimum of three years and four months. On February 25, 2005, Stanley filed a notice of appeal.
On March 16, 2005, the circuit court entered its findings of fact, conclusions of law, and order denying Stanley's motion for reconsideration. The circuit court found and concluded, in salient part, as follows:
FINDINGS OF FACT
. . . .
9. Both the prosecution and defense were aware that the bag was in the Evidence Room [at the Honolulu Police Department] and available to either party; however, neither party requested that the bag be brought to court during the trial.
10. The defense has alleged that the prosecutor committed prosecutorial misconduct during cross-examination of [Stanley] and during closing arguments.
11. However, the Court finds that [Stanley] has not substantiated his allegation of prosecutorial misconduct. Even if the Court were to assume that the prosecutor made improper comments during the trial, the Court finds that any such error was harmless beyond a reasonable doubt.
CONCLUSIONS OF LAW
. . . .
3. Assuming that the Court has jurisdiction to entertain [Stanley's] motion, the Court concludes that [Stanley] has failed to substantiate his claims that he was denied a fair trial.
4. The fact that the bag was not introduced into evidence by either party did not deprive [Stanley] of a fair trial.
5. The Court further concludes that there was sufficient evidence to support the jury verdict in this case.
6. Finally, as to [Stanley's] claim of prosecutorial misconduct, the Court concludes that his claim is without merit. State v. Clark, 83 Hawaii [Hawai`i] 289, 304-305, 926 P.2d 194, 209-210 (1996).
7. The jury was instructed that statements or remarks by counsel were not evidence, and that their verdict was to be based solely on the evidence and the law. [Stanley] has failed to overcome the presumption that the jury is presumed to follow the trial court's instructions. State v. Klinge, 92 Hawaii [Hawai`i] 577, 592, 994 P.2d 509, 524 (2000).

B. The Direct Appeal of Criminal No. 04-1-0049
In his direct appeal of Criminal No. 04-1-0049, Stanley, represented by different counsel, raised the following issues:
(1) The circuit court erred in denying his two motions for judgment of acquittal because "[t]here was no evidence of force or imminent threat of force used to upgrade a shoplifting offense to a robbery second offense."
(2) The circuit court committed plain error in allowing a juror who had previously worked at Sears with one of the Sears witnesses[4] to remain on the jury.
(3) The circuit court erred in denying his motion to dismiss because neither Genck nor Goodwin were licensed guards and, therefore, Stanley's arrest was without probable cause and any statements made by Stanley or items seized from Stanley should have been suppressed as fruits of the poisonous tree.
(4) The circuit court erred in sentencing Stanley as a repeat offender.
Pursuant to a summary disposition order (SDO) entered on October 24, 2006, this court held that (1) there was substantial evidence that Stanley used force in committing the offense charged and, therefore, the denials of the motions for judgment of acquittal were not in error, State v. Stanley, No. 27144 at 2 (App. Oct. 24, 2006); (2) it was not plain error for the circuit court to allow the juror to remain on the jury, id. at 3; (3) Genck and Goodwin conducted a purely private search and seizure and therefore were not subject to Fourth Amendment prohibitions, id.; and (4) the circuit court properly sentenced Stanley as a repeat offender. Id.
On December 6, 2006, this court denied Stanley's November 30, 2006 motion for reconsideration of the October 24, 2006 SDO.
On March 2, 2007, Stanley filed an application for writ of certiorari, which was rejected by the Hawai`i Supreme Court on April 10, 2007.

C. Special Proceedings Prisoner (S.P.P.) No. 05-1-0066
On October 13, 2005, while Stanley's direct appeal was still pending, Stanley filed a petition for post-conviction relief pursuant to HRPP Rule 40 in S.P.P. No. 05-1-0066 (First Petition). On February 3, 2006, the circuit court[5] entered findings of fact, conclusions of law, and order denying the First Petition without a hearing on the ground that the case was on appeal.

D. S.P.P. No. 07-1-0023
Stanley filed the Rule 40 petition that underlies this appeal on May 29, 2007 (Second Petition). He raised the following grounds for vacating, setting aside, or correcting the judgment entered in Cr. No. 04-1-0049:
(1) He was denied his right to a fair trial under the Sixth and Fourteenth Amendments based upon the failure of any party to introduce into evidence the bag that he was carrying in Sears;
(2) The prosecutor committed misconduct by (a) reenacting the fighting stance that Stanley allegedly took towards Goodwin, and (b) failing to move into evidence the exculpatory evidence of Stanley's bag;
(3) Stanley was denied effective assistance of counsel because (a) his trial counsel (i) failed to request Stanley's bag as part of discovery, (ii) failed to request the store's videotape that would have demonstrated that Stanley did not use force towards Goodwin, (iii) did not object to the "bad acts by the prosecutor" during closing argument, (iv) failed to conduct an investigation, (v) failed to file Stanley's request for a new trial in a timely manner, (vi) failed to call Officer Winston Leong (Officer Leong) to testify that he viewed the surveillance tape, and (vii) failed to call Brandon Wong (Wong), a Sears loss-prevention agent, as a witness; and (b) his appellate counsel failed to raise these issues on appeal;
(4) Respondent-Appellee State of Hawai`i (State) used evidence obtained pursuant to unconstitutional search and seizure because the Sears "guards performed a misfeasance, performing a chokehold on [Stanley] unannounced, made the seizure unreasonable, subject to Constitutional limitations under Constitutional Article 1[,] § 6, private person acted under mantle of state authority"; and
(5) The State criminalized an involuntary act because Stanley's use of force was initiated by Genck and Goodwin and was "the result of a startled response, a reflexive or convulsive act from being choked by Goodwin[.]"
On September 27, 2007, the circuit court[6] entered findings of fact, conclusions of law, and order denying Stanley's Second Petition without a hearing. The circuit court concluded, in relevant part, as follows:
4. Under ground one, [Stanley] claims that his rights were violated under the Sixth and Fourteen[th] Amendments, in that a large black bag was "left from the trial." Petition, paragraph 12(A). However, [Stanley] fails to provide any valid evidence or facts to support this argument/ he also fails to demonstrate how the bag's omission from evidence, in and of itself, violated his constitutional rights. Therefore, this ground is patently frivolous and devoid of merit.
5. Under ground two, [Stanley] claims that prosecutorial misconduct occurred when the prosecutor "raised his hands up high, and balled his hands into fist [sic], that neither the security guards, or [Stanley] testified [to, thus] introducing false evidence to prejudice the jury against [Stanley.]" Petition, paragraph 12(B). [Stanley] also claims that the prosecutor "failed in his continuing duty to present all evidence during trial to the jury." Id. However, as evinced by the jury instructions at trial, "[t]he prosecution is not required to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events, or to produce all objects or documents mentioned or suggested by the evidence." Moreover, when this issue was addressed at the hearing on [Stanley's] Motion for New Trial, the court expressly found no prosecutorial misconduct in this case. As a result, [Stanley] has failed to provide any valid evidence or facts to support this argument, and therefore this claim is patently frivolous and devoid of merit.
6. [Stanley's] third ground claims ineffective assistance of counsel, in that defense counsel "failed in preparation for trial, by not putting in writing under rule 16 of discovery, a request specifically [for] [Stanley's] bag." Petition, paragraph 12(C).
7. The counsel's competence is presumed. State v. Timas, 82 Hawai`i 499, 923 P.2d 916 (1996). It is [Stanley's] burden to demonstrate that there were (1) specific errors or omissions reflecting counsel's lack, of skill, judgment, or diligence/ and (2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. State v. Reed, 77 Hawai`i 72, 83, 881 P.2d 1218, 1229 (1994). [Stanley] has failed to demonstrate how the omission of the black bag from evidence resulted in the withdrawal or substantial impairment of a potentially meritorious defense, and this ground is accordingly patently frivolous and devoid of merit.
8. [Stanley's] fourth ground claims that the State used evidence that was obtained by an unconstitutional search and seizure. However, [Stanley] fails to adduce any valid evidence or facts in support of this claim. Therefore, it is patently frivolous and devoid of merit.
9. [Stanley's] fifth ground asserts that "[t]he State has [c]riminalized an involuntary act." Petition, paragraph 13. However, [Stanley] fails to adduce any valid evidence or facts in support of this claim. Accordingly, it is patently frivolous and devoid of merit.
(Some bracketed material in original.) This appeal followed.

ISSUES ON APPEAL
On appeal, Stanley raises the following issues:
(1) The bag was an element of the offense, and the absence of the bag in evidence at trial (a) denied him the right to a verdict based on the relevant evidence, (b) shifted the burden of proof from the prosecution to the defense, (c) caused the jury to base its verdict on an illegal presumption, and (d) constituted prosecutorial misconduct. Stanley contends that the circuit court exacerbated the problems arising from the failure to produce the bag as evidence by (e) giving Instruction No. 3.12.
(2) It was misconduct for the prosecutor to raise his "hands high, elbows elevated to chest level, hands in front of his face in a[n] exaggerated fighting stance, `[w]ithout the bag in his hands, or explaining where the bag was" because "this misstatement of facts [had] undue influence on the jury."
(3) His trial counsel was ineffective for failing to (a) introduce the bag into evidence, (b) call Officer Leong as a witness; (c) call Wong as a witness, (d) get a copy of the Sears surveillance videotape, (e) seek a mistrial when the jury asked to inspect the bag, and (f) object to prejudicial jury instructions.
(4) His appellate counsel was ineffective for failing to raise the issue of the ineffectiveness of Stanley's trial counsel.
(5) The State relied on illegally obtained evidence.

DISCUSSION
HRPP Rule 40 (2006) provides, in relevant part, as follows;
POST-CONVICTION PROCEEDING.
(a) Proceedings and grounds. The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coramnobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:
(1) From Judgment. At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:
(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai`i;
. . . .
(v) any ground which is a basis for collateral attack on the judgment.
. . . .
(3) Inapplicability. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.
. . . .
(f) Hearings. If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.
(Emphases added.)
In Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994), the Hawai`i Supreme Court held that the issue of whether a trial court erred in denying a Rule 40 petition without a hearing based on a showing of no colorable claim is reviewed on appeal de novo; thus, the right/wrong standard of review is applicable. Additionally, in Stanley v. State, 7 6 Hawai`i 446, 450, 879 P.2d 551, 555 (1994), the supreme court noted that
HRPP Rule 40(a)(3) restricts the issues that may be raised in a post-conviction proceeding and provides in pertinent part that "said proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."
(Brackets omitted.)
Upon carefully reviewing the record and the briefs submitted by the parties, and having given due consideration to the arguments presented and the applicable statutes, case law, and rules, we conclude that the circuit court correctly denied Stanley's Second Petition without a hearing. We resolve the arguments raised by Stanley on appeal as follows.

A.
The material elements of robbery in the second degree that must be established beyond a reasonable doubt are:
(1) the attendant circumstances (that the defendant was in the course of committing a theft); and (2) the conduct (that the defendant used force against a person who was present with intent to overcome that person's physical resistance or physical power of resistance). Proof of the result of conduct is not a material element of the offense of robbery in the second degree.
State v. Iuli, 101 Hawai`i 196, 206, 65 P.3d 143, 153 (2003). The evidence adduced at Stanley's trial established both elements. Contrary to Stanley's assertion, the bag was not an element of robbery in the second degree.
Stanley's argument that the absence of the bag deprived him of a fair trial was raised extensively by Stanley in various post-verdict motions, and Stanley's failure to appeal the issue constitutes a waiver of the issue. HRAP Rule 40 (a) (3).
Moreover, Stanley has not shown that the bag was so critical to his defense that the failure to produce the bag at trial rendered the trial fundamentally unfair. See State v. Matafeo, 71 Haw. 183, 187, 787 P.2d 671, 673 (1990) (recognizing that a defendant may be denied a fair trial if evidence that is destroyed is so critical to the defense that any trial without the evidence would be fundamentally unfair). Stanley described the bag for the jury, and his description was not inconsistent with the testimony of Genck and Goodwin. Both Genck and Stanley testified that the bag was over Stanley's shoulder when Stanley exited Sears, thus suggesting that Stanley's hands were free to be raised in a fist. Because the bag was neither an element of the offense nor critical to the defense, the absence of the bag from evidence did not shift the burden of proof or create an improper presumption.
Additionally, contrary to Stanley's argument, the circuit court's instruction to the jury that the prosecution was not required to admit into evidence all items related to an offense correctly stated the law. See State v. Padilla, 114 Hawai`i 507, 516, 164 P.3d 765, 774 (App. 2007).

B.
Stanley did not establish a colorable claim of prosecutorial misconduct.
The analysis of a claim of prosecutorial misconduct requires the following process:
In sum, whenever a defendant alleges prosecutorial misconduct, this court must decide: (1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution.
State v. Maluia, 107 Hawai`i 20, 26, 108 P.3d 974, 980 (2005).
The prosecutor's conduct in closing argument was not improper. A prosecutor is allowed considerable latitude in making a closing argument. During closing argument, a prosecutor "is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." State v. Clark, 83 Hawai`i 289, 304, 926 P.2d 194, 209 (1996); see also HRS § 63 5-52 (1993).[7] The jury in this case had already seen a reenactment of Stanley's conduct by Genck. Although Stanley may disagree with the prosecutor's closing argument, it was not misconduct for the prosecutor to illustrate the events based on the prosecutor's interpretation of the evidence.

C.
The Hawai`i Supreme Court has stated that
[i]n any claim of ineffective assistance of trial counsel, the burden is upon the defendant to demonstrate that, in light of all the circumstances, counsel's performance was not objectively reasonablei.e., "within the range of competence demanded of attorneys in criminal cases." In State v. Antone, we set forth a two-part test requiring defendant to show "specific errors or omissions . . . reflecting counsel's lack of skill, judgment, or diligence[,]" and that "these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." "An accused's potentially meritorious defenses include the assertion of his [or her] constitutional rights."
General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting defendant's case and it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then the knowledge held and investigation performed by counsel in pursuit of an informed decision will be evaluated as that information that, in light of the complexity of the law and the factual circumstances, an ordinarily competent criminal attorney should have had.
Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993) (ellipsis and some brackets in original) (citations omitted).
For the following reasons, we conclude that Stanley failed to meet his burden of showing specific errors or omissions by his trial counsel that reflected a lack of skill, judgment, or diligence and resulted in the withdrawal or substantial impairment of a potentially meritorious defense.

1.
The failure of Stanley's trial counsel to obtain and introduce Stanley's bag into evidence did not constitute ineffective assistance. There was extensive testimony at trial by Genck and Goodwin describing the bag. Stanley himself testified that the bag was about twenty inches long, pretty deep, and weighed about ten pounds. Although Stanley maintains that he was holding the bag and eating and, therefore, could not have been in a fighting stance, he has not shown how the presence of the bag at trial would have negated the testimony of Goodwin and Genck that the bag was over Stanley's shoulder when Stanley assumed a fighting stance. " [V]erdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the [trier of fact's] findings." State v. Mattiello, 90 Hawai`i 255, 259, 978 P.2d 693, 697 (1999) (quoting Tsugawa v. Reinartz, 56 Haw. 67, 71, 527 P.2d 1278, 1282 (1974)) (bracketed material in original) (internal quotation marks omitted).

2.
Stanley's trial counsel was not ineffective for failing to request a mistrial after the jury inquired about the bag. Upon the jury's request for "a definite definition of the size of the bag [Stanley] used[,] " the circuit court responded that the jurors had all of the evidence and should rely on their individual and collective memories. The circuit court properly confined the jury to the evidence presented at trial and, therefore, there was no basis for trial counsel to object. The absence of an objection did not impair Stanley's defense.
3.
Trial counsel's failure to object to Instruction No. 3.12 did not result in the withdrawal or substantial impairment of a potentially meritorious defense. As discussed above, the circuit court's instruction was a correct statement of the law. Padilla, 114 Hawai`i at 516, 164 P.3d at 774.

4.
The failure of trial counsel to obtain a copy of the surveillance videotape from Sears did not constitute ineffective assistance of counsel.
Genck and Bernard Ching (Ching) testified at trial that the Sears video cameras were not recording at the time of the alleged offense. Ching further testified that the Sears video camera would not have captured events occurring outside the store. Therefore, even if the videotape equipment had been set to record, it would only have recorded the shoplifting, which Stanley did not contest. Stanley adduced no support for his claim that the Sears videotape, if one existed, contained any information that would have helped Stanley's defense.

5.
Stanley failed to sufficiently establish that the failure to call Officer Leong and Wong as witnesses constituted ineffective assistance of counsel.
Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses. [State v.] Fukusaku, 85 Hawai`i [462,] 481, 946 P. 2d [32,] 51 [(1997)]; State v. Reed, 77 Hawai`i 72, 84, 881 P.2d 1218, 1230 (1994); State v. Aplaca, 74 Haw. 54, 68-69, 837 P.2d 1298, 1306 (1992).
State v. Richie, 88 Hawai`i 19, 39, 960 P.2d 1227, 1247 (1998). Stanley has not supported his claim of ineffective assistance of counsel by providing sworn statements or affidavits that describe what Officer Leong or Wong would have testified to. Therefore, this claim fails. Id.

D.
Stanley asserts that he received ineffective assistance of counsel on appeal because his appellate counsel failed to raise the issue of ineffectiveness of trial counsel in Stanley's direct appeal. The Hawai`i Supreme Court has explained the role of appellate counsel and the standard for reviewing whether appellate counsel was ineffective as follows:
The appellate court's purpose is to ensure defendant's right to a fair trial. Appellate courts neither find facts, except to determine if substantial evidence existed to support the trial court's conclusions, nor judge credibility, nor weigh the evidence. Nonmeritorious arguments or explanations are discarded without prejudicial effect. Moreover, appellate courts may dispense with oral argument at their discretion. As such, it is counsel's responsibility, in the limited time and space allowed, to present issues that may have influenced the trial court's decision adversely to his or her client. Our focus, therefore, is not upon the possible, or even probable, influence appellant's counsel's actions had on the appellate court, but, instead, we center on whether counsel informed him or herself enough to present appropriate appealable issues in the first instance.
An "appealable issue" is an error or omission by counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense. Every appealable issue is not required to be asserted. The page limitation on the appellate briefs and the dictates of effective appellate advocacy compel appellate counsel to advance a limited number of key issues.
If an appealable issue is omitted, then both the issues actually presented on appeal as well as those omitted are evaluated in light of the entire record, the status of the law and, most importantly, counsel's knowledge of both. Counsel's scope of review and knowledge of the law are assessed, in light of all the circumstances, as that information a reasonably competent, informed and diligent attorney in criminal cases in our community should possess. Counsel's informed decision as to which issues to present on appeal will not ordinarily be second-guessed. Counsel's performance need not be errorless. If, however, an appealable issue is omitted as a result of the performance of counsel whose competence fell below that required of attorneys in criminal cases then appellant's counsel is constitutionally ineffective.
Briones, 74 Haw. at 465-67, 848 P.2d at 977-78 (footnotes omitted).
Stanley claims that his appellate counsel was incompetent for failing to raise the issue of the ineffectiveness of his trial counsel. In light of our previous discussion, this claim has no merit.

E.
Stanley's argument regarding the legality of the search and seizure conducted by the Sears loss-prevention personnel was considered and ruled upon in Stanley's direct appeal. Stanley, SDO at 3. Therefore, Rule 40 relief is not available to Stanley regarding this issue. HRPP Rule 40 (a) (3).

CONCLUSION
Based on the foregoing discussion, we affirm the findings of fact, conclusions of law, and order denying petition to vacate, set aside, or correct judgment or to release from custody entered by the circuit court on September 27, 2007.
NOTES
[1] The Honorable Michael D. Wilson (Judge Wilson) presided.
[2] HRS § 708-841 (1) (a) provided as follows:

Robbery in the second degree. (1) A person commits the offense of robbery in the second degree if, in the course of committing theft:
(a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance [.]
[3] The Honorable Lono J. Lee presided.
[4] The juror allowed to remain on the jury had worked as a seasonal employee for Sears "[f]or the month of December [2001] and probably two weeks of January." The juror recalled that as part of a new employees' orientation, she "met a bunch of people[,]" including the store manager, the head of security, and department managers. When the head of security testified at trial, the juror recognized his face and realized that she had met him "for less than a few minutes" as part of the orientation.
[5] Judge Wilson presided.
[6] Judge Wilson presided.
[7] HRS § 635-52 provides, in relevant part:

Scope of argument. At the close of the evidence (unless the court directs a verdict, or orders entry of a judgment of acquittal), the respective parties, or their counsel, shall be entitled to sum up the facts to the jury. In their addresses to the jury they shall be allowed ample scope and latitude for argument upon, and illustration of any and all facts involved in the cause, and the evidence tending to either prove or disprove the same. They shall not be forbidden to argue the law of the case to the jury, but they shall not assume to instruct the jury upon the law, in such manner as to encroach upon the function of the court to so instruct the jury.